UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN MARTINELLI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON and MCNEIL NUTRITIONALS, LLC,<br><br>Defendants. | No. 2:15-cv-01733-MCE-EFB<br><br>**MEMORANDUM AND ORDER** |

Plaintiff JoAnn Martinelli ("Plaintiff") alleges Defendants placed false and misleading "No Trans Fats" and "No Trans Fatty Acids" labels on two food products. Pending before the Court is Defendants' Motion to Stay. ECF No. 14. Plaintiff filed an Opposition to the Motion (ECF No. 15), and Defendants filed a Reply (ECF No. 18). For the reasons that follow, Defendants' Motion to Stay is DENIED.[1]

///
///
///
///

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local R. 230(g).

1

**BACKGROUND**[2]

Plaintiff alleges that Defendants included false and misleading "No Trans Fats" and "No Trans Fatty Acids" labels on two food products, Benecol Regular and Benecol Light.  The Complaint identifies eight causes of action:  (1) breach of express warranty, (2) breach of the implied warranty of merchantability, (3) unjust enrichment, (4) violation of California's Consumers Legal Remedies Act, (5) violation of California's Unfair Competition Law, (6) violation of California's False Advertising Law, (7) negligent misrepresentation, and (8) fraud.  Plaintiff seeks to represent a class defined as all persons in the United States that purchased the products and a subclass of all class members that purchased the Benecol products in California.

In the pending Motion, Defendants request that the Court stay this action until the United States Court of Appeals for the Ninth Circuit decides three cases:  Jones v. ConAgra Foods, Inc., No. 14-16327 (9th Cir. filed July 14, 2014); Brazil v. Dole Packaged Foods, No. 14-17480 (9th Cir. filed Dec. 17, 2014); and Kosta v. Del Monte Foods, No. 15-16974 (9th Cir. filed Oct. 2, 2015).

**STANDARD**

"A district court has discretionary power to stay proceedings in its own court . . . ." Lockyer v. Mirant Corp., 398 F.3d 1098, 1109 (9th Cir. 2005); see also Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").  In determining whether a stay is warranted, a district court should balance (1) the damage that may result from the stay, (2) the hardship or inequity that may result from denying the requested stay, and (3) "the orderly course of justice measured in

---

[2] The following statement of facts is based on Plaintiff's First Amended Complaint (ECF No. 9).

terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962). "The proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

## ANALYSIS

Defendants have not established the necessity of their requested stay. Specifically, Defendants have not shown that decisions in Jones, Brazil, and Kosta could be expected to simplify issues, proof, and questions of law in this case.

Defendants' Motion is based entirely on the general factual similarity between those cases and this one—that is, they involve an individual seeking to represent a class of consumers and challenging the labels of specific food products. But Defendants overlook a fact that distinguishes this case from Jones, Brazil, and Kosta: the number of products containing the purportedly false and misleading labels. In Jones, the plaintiff challenged four labels on dozens of products. Jones v. ConAgra Foods, Inc., No. C 12-01633 CRB, 2014 WL 2702726, at *10 (N.D. Cal. June 13, 2014). In Brazil, the plaintiff challenged a label on ten different products. Brazil v. Dole Packaged Foods, LLC, No. 12-CV-01831-LHK, 2014 WL 5794873, at *1 (N.D. Cal. Nov. 6, 2014). And in Kosta, the plaintiff challenged labels on more than 100 products. Kosta v. Del Monte Foods, Inc., 308 F.R.D. 217, 227 (N.D. Cal. 2015). Here, Plaintiff challenges labels on just two products, Benecol Regular and Benecol Light.

That factual difference is of significance. In both Jones and Kosta, the district court denied class certification in part because the class was not sufficiently ascertainable as a result of the number of products bearing the challenged labels. In Jones, the district court opined:

///

///

> [I]t is hard to imagine that [class members] would be able to remember which particular Hunt's products they purchased from 2008 to the present, and whether those products bore the challenged label statement. . . . [T]here were literally dozens of varieties with different can sizes, ingredients, and labeling over time and some Hunt's cans included the challenged language, while others included no such language at all.

Jones, 2014 WL 2702726, at *10 (internal quotation marks omitted).  Similarly, in Kosta the district court concluded that the class was not sufficiently ascertainable after noting the multiplicity of and disparity between the products in question.  Kosta, 308 F.R.D. at 228.

Defendants' Motion cites several cases in which other district courts have issued stays pending decisions in Jones, Brazil, and Kosta.  See Defs.' Mot., ECF No. 14 at 5-6.  But not only are those cases not binding on this Court,[3] the decision to stay an action is within the Court's discretion.  Lockyer, 398 F.3d at 1109.  Moreover, there are cases in which other district courts have denied the stay that Defendants request in the pending Motion.  In Torrent v. Ollivier, for example, a case in which the plaintiff challenged the label on a single product, the district court reasoned:

> Even assuming that the Ninth Circuit issues a precedential opinion in Jones, the holding may well be limited to cases involving a wide variety of allegedly mislabeled products or particularly deficient showings of materiality and consumer reliance.  Such an opinion would not be particularly instructive in this case.  Although Defendants are correct that the Ninth Circuit might conceivably issue a ruling that would affect this case, the chances of such an outcome are too speculative at this stage to warrant stay of the instant proceedings.

No. CV 15-02511 DDP (JPRx), 2015 WL 6394468, at *2 (C.D. Cal. Oct. 22, 2015).  The Court finds that reasoning persuasive and applicable to Defendants' requested stay.

As to the other considerations the Court must evaluate, Plaintiff has established at least the theoretical possibility that the requested stay would harm her ability to conduct

---

[3] See Camreta v. Greene, 131 S. Ct. 2020, 2033 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case.") (citation omitted).

discovery. See Blue Cross and Blue Shield of Ala. v. Unity Outpatient Surgery Center, Inc., 490 F.3d 718, 724 (9th Cir. 2007) ("Delay inherently increases the risk that witnesses' memories will fade and evidence will become stale.") (internal quotation marks omitted).  More critically, however, Defendants have not established any hardship or inequity from being required to proceed in this action.  As to that factor, Defendants argue "[i]t would be inefficient and wasteful for the parties to pursue this discovery and brief these issues when the Ninth Circuit's decision[s] may alter the arguments available to the parties and change the landscape of facts that need to be developed."  Defs.' Mot., ECF No. 14, at 7.  But, again, the condition underlying that argument—that the Ninth Circuit's decisions will actually affect this case—is simply too speculative to justify staying this action.

In sum, Defendants have not established the necessity of the requested stay.

## CONCLUSION

Defendants' Motion to Stay (ECF No. 14) is DENIED.

IT IS SO ORDERED.

Dated:  February 10, 2016

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT