UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN MARTINELLI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON and McNEIL NUTRITIONALS, LLC,<br><br>Defendants. | No.  2:15-cv-1733 MCE DB<br><br><br><br>ORDER |

On January 5, 2017, plaintiff filed a motion to compel and set the matter for hearing before the undersigned on January 27, 2017.  (ECF No. 56.)  On January 18, 2017, the court continued the hearing of plaintiff's motion to February 3, 2017.  (ECF No. 58.)  On January 27, 2017, plaintiff filed a Statement of Discovery Disagreement.  (ECF No. 63.)  The statement contains no argument from defendants.  Instead, the document states that "Defendants' lawyers informed Plaintiff's counsel that they did not want their portion submitted herewith, and that they would file their portion next week."  (Id. at 5.)

Local Rule 251(a) provides that at least seven days prior to the hearing of a discovery motion, a "Joint Statement re Discovery Disagreement" shall be filed.  Local Rule 251(c) further states that "[a]ll parties who are concerned with the discovery motion shall assist in the preparation of, and shall sign, the Joint Statement . . . ."  Moreover, the "[r]efusal of any counsel

1

1 to participate in a discovery conference, or refusal without good cause to execute the required
2 joint statement, shall be grounds, in the discretion of the Court, for entry of an order adverse to
3 the party represented by counsel so refusing or adverse to counsel." Local Rule 251(d).  In light
4 of the parties' failure to cooperate on, and timely file, a joint statement the undersigned will
5 continue the hearing of plaintiff's motion to compel.[1]

6     Plaintiff has also filed a notice of request to seal documents.  (ECF No. 62.)  In evaluating
7 requests to seal, the court starts "'with a strong presumption in favor of access to court records.'"
8 Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting Foltz v.
9 State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of
10 access is 'based on the need for federal courts, although independent – indeed, particularly
11 because they are independent – to have a measure of accountability and for the public to have
12 confidence in the administration of justice.'"  Id.  (quoting United States v. Amodeo, 71 F.3d
13 1044, 1048 (2d Cir. 1995)).  A request to seal material must normally meet the high threshold of
14 showing that "compelling reasons" support secrecy.  Id.  (citing Kamakana v. City and County of
15 Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006)).  However, where the material is, at most,
16 "tangentially related to the merits of a case," the request to seal may be granted on a showing of
17 "good cause."  Id. at 1097-1101.  Moreover, Local Rule 141(b) requires, in relevant part, that a
18 "'Request to Seal Documents' shall set forth the statutory or other authority for sealing, the
19 requested duration, the identity, by name or category, of persons permitted access to the
20 documents, and all other relevant information."

21     Here, plaintiff's request to seal fails to address these requirements.

22     Accordingly, IT IS HEREBY ORDERED that:

23     1.  The February 3, 2017 hearing of plaintiff's motion to compel (ECF No. 56) is
24 continued to **February 10, 2017** at **10:00 a.m.**, at the United States District Court, 501 I Street,

---

[1] The undersigned is disappointed and troubled by the parties' failure to collaborate on this routine task, which has now resulted in the unnecessary expenditure of judicial resources and a delay in the resolution of the parties' dispute.  Moreover, if defendants felt compelled to file their own separate document, that document should have been filed soon after plaintiff filed her statement of discovery disagreement, potentially allowing the hearing of the motion to compel to go forward as scheduled.

Sacramento, California, in Courtroom No. 27, before the undersigned[2];

    2.  On or before February 3, 2017, the parties shall file a joint statement re discovery disagreement;

    3.  On or before February 3, 2017, defendants shall file a statement explaining their failure to contribute to the January 27, 2017 joint statement; and

    4.  Plaintiff's January 27, 2017 request to seal (ECF No. 62) is denied without prejudice.

Dated:  January 30, 2017

/s/ Deborah Barnes
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.civil\martinelli1733.cont.hrg.ord

---

[2] Any party may appear at the hearing telephonically if the party pre-arranges such appearance by contacting Pete Buzo, the courtroom deputy of the undersigned magistrate judge, at (916) 930-4128, no later than 48 hours prior to the hearing; a party may not appear telephonically over a cellphone.