1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOANN MARTINELLI, individually and          No. 2:15-cv-1733 MCE DB
     on behalf of all others similarly situated,

12
                        Plaintiff,
13                                               ORDER

             v.
14
     JOHNSON & JOHNSON and McNEIL
15   NUTRITIONALS, LLC,

16                      Defendants.

17

18          On February 10, 2017, this matter came before the undersigned for hearing of plaintiff's

19   motion to compel.  Attorney Lawrence Fisher appeared on behalf of the plaintiff and attorneys

20   Amanda Villalobos and Mollie Benedict appeared on behalf of the defendants.  Oral argument

21   was heard and plaintiff's motion was taken under submission.

22          As discussed at the February 10, 2017 hearing, plaintiff's motion raises essentially the

23   following three issues.

24          **1)      Adequacy of Defendants' Production**

25          Plaintiff argues that defendants have failed to produce responsive documents in violation

26   of the July 28, 2016 order of the previously assigned magistrate judge, granting plaintiff's prior

27   ////

28   ////

1

1   motion to compel.[1]  (ECF No. 67 at 11-14.)  Defendants argue that they "have fulfilled their

2   discovery obligations under the terms negotiated by the parties."  (Id. at 14.)  In this regard, on

3   April 13, 2016, the court adopted the parties' stipulated ESI and hard copy protocol.  (ECF. No.

4   28.)  Defendants contend that they complied with the July 28, 2016 order, by collecting

5   "documents from the 12 agreed upon custodians," and by applying "the agreed upon list of ESI

6   search terms," pursuant to the April 13, 2016 stipulated protocol.  (ECF No. 67 at 15.)

7           The July 28, 2016 order, however, does not limit defendants' production to the terms of

8   the protocol.  Instead, defendants were ordered to "produce responsive documents."  (ECF No. 41

9   at 8.)  However, at the February 10, 2017 hearing, defendants' counsel explained that defendants

10  do not have a way to locate further responsive documents aside from the use of search terms.

11  Accordingly, defendants are ordered to meet and confer with plaintiff to develop a list of

12  additional search terms and additional custodians, conduct an additional search for responsive

13  documents, and produce responsive documents to plaintiff.

14          **2)       Defendants' Redaction**

15          In previously producing responsive documents, defendants unilaterally "redacted the

16  irrelevant information," found on roughly 600 pages of the 15,000-page production.  (ECF No. 67

17  at 19.)

18          "[T]he court does not welcome the unilateral editing of documents produced in discovery,

19  particularly when there is a protective order in place, given the suspicion and distrust that it

20  generates, which, in turn, leads to unnecessary discovery disputes and burdensome *in camera*

21  inspections."[2]  Williston Basin Interstate Pipeline Co. v. Factory Mut. Ins. Co., 270 F.R.D. 456,

22  458 (D. N.D. 2010); see also Live Nation Merchandise, Inc. v. Miller, Case No. 13-cv-3936 CW

23  (NC), 2014 WL 1877912, at *3 (N.D. Cal. May 9, 2014) ("The Court agrees with Artists that

24  Live Nation's redactions of otherwise discoverable documents here are unwarranted because Live

25  Nation's concern about protecting privacy interests and confidential/proprietary information

26

27  [1] On August 2, 2016, this action was reassigned from the previously assigned magistrate judge to
    the undersigned.  (ECF No. 42.)

28  [2] The court adopted the parties' stipulated protective order on January 13, 2016.  (ECF No. 16.)

1   could be addressed through a protective order.  As courts have recognized, this type of unilateral

2   redaction is disfavored, and a protective order could ensure the confidentiality of sensitive

3   information."); Islander Group, Inc. v. Swimways Corporation, CIVIL NO. 13-0094 LEK-RLP,

4   2014 WL 12573995, at *3 (D. Hawai'i, Jan. 28, 2014) ("Given the broad standards of

5   discoverability under federal law, unilateral redactions based on relevance by the producing party

6   is not appropriate."); In re iPhone Application Litig., No. 11-MD-2250 LHK, 2013 WL 1095456,

7   at *2 (N.D. Cal. Mar. 7, 2013) ("In addition to Apple's failure to produce responsive documents,

8   this Court is also disturbed by Apple's position 'that it may redact information that is not

9   relevant.'  Apple asserts that it can redact irrelevant information 'as long as there's a process by

10  which the parties can assess whether there's a good faith claim of relevance or not.'  Apple's

11  contention that Plaintiffs must surmise based upon a redaction whether Apple redacted the

12  redacted information in good faith is unpersuasive at best.").

13          Here, the voluminous nature of the redacted documents renders *in camera* review

14  impossible.  Instead, defendants are ordered to produce to plaintiff a redaction log, identifying

15  each redaction, including the redaction of email attachments, and explaining why the information

16  was redacted.  Defendants are cautioned that, "[w]hen a party has failed to provide adequate

17  justification for redactions to documents containing discoverable information, the court is

18  empowered to order the documents produced *sans* the redactions."  Williston, 270 F.R.D. at 458-

19  59.

20          **3)      Identified Custodians**

21          Plaintiff argues that defendants failed to produce documents, or at least substantial

22  documents, from six individuals defendants have identified as likely document custodians.  (ECF

23  No. 67 at 21.)  Defendants, however, note that not only did they search for and produce

24  responsive documents from these custodians, they also agreed to plaintiff's request to search for

25  documents from an additional six custodians.  (Id. at 23.)  At the February 10, 2017 hearing,

26  plaintiff confirmed that her argument is based simply on the dearth of defendants' production

27  from these individuals and nothing more.

28  ////

3

1    Given defendants' representations that they have conducted the relevant searches, and

2  their cooperation in conducting additional searches, the undersigned finds plaintiff's argument

3  unpersuasive.  Plaintiff's motion as to this issue is denied.

4                                              CONCLUSION

5      Accordingly, upon consideration of the arguments on file and at the hearing, and for the

6  reasons set forth on the record at the hearing and above, IT IS HEREBY ORDERED that:

7      1.  Plaintiff's January 5, 2017 motion to compel (ECF No. 56) is granted in part and

8  denied in part;

9      2.  Within twenty-eight days from the date of this order, defendants shall meet and confer

10  with plaintiff, develop a list of additional search terms and additional custodians, conduct an

11  additional search for responsive documents, and produce responsive documents to plaintiff; and

12      3.  Within twenty-eight days from the date of this order, defendants shall produce to

13  plaintiff a redaction log, identifying each redaction, including the redaction of email attachments,

14  and explaining why the information was redacted.[3]

15  Dated:  February 10, 2017

16

17  _____

18  DEBORAH BARNES
    UNITED STATES MAGISTRATE JUDGE

19

20

21
    DLB:6
22  DB\orders\orders.civil\martinelli1733.oah.021017

23

24

25

26  ─────────────────────
    [3] At the February 10, 2017 hearing defendants stated that they would need six to eight weeks to
27  complete the redaction log.  If defendants are unable to complete the redaction log in the twenty-
    eight days provided, defendants may redact fewer documents and/or request additional time to
28  complete the log.