UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOANN MARTINELLI, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

JOHNSON & JOHNSON and McNEIL
NUTRITIONALS, LLC,

Defendants.

No.  2:15-cv-01733-MCE-DB

**MEMORANDUM AND ORDER**

Through this class action, Plaintiff Joann Martinelli ("Plaintiff"), individually and on behalf of others similarly situated, seeks relief from Defendants Johnson & Johnson and McNeil Nutritionals, LLC (collectively "Defendants") arising from the labeling and sale of Benecol Regular and Light Spreads ("Benecol Spreads").  Plaintiff alleges eight causes of action: (1) breach of express warranty, (2) breach of implied warranty of merchantability, (3) unjust enrichment, (4) violation of California's Consumers Legal Remedies Act, (5) violation of California's Unfair Competition Law, (6) violation of California's False Advertising Law, (7) negligent misrepresentation, and (8) fraud.  First Am. Compl. ("FAC"), ECF No. 9.

Presently before the court are two motions: Defendants' Motion to Deny Nationwide Class Certification or in the alternative, to Strike Nationwide Class

Allegations ("Defendants' Motion") (ECF No. 45), and Plaintiff's Motion for Leave to File Second Amended Class Action Complaint ("Plaintiff's Motion") (ECF No. 46). Both parties filed timely oppositions and replies to each motion. ECF Nos. 47, 48, 52, 54. For the reasons set forth below, Plaintiff's Motion is DENIED and Defendants' Motion is GRANTED.[1]

**BACKGROUND[2]**

Defendants manufactured, marketed, and sold their Benecol Spreads throughout California and other states. The front labels provide that the product has "no trans fats" and the back labels state the product has "no trans fatty acids." Artificial trans fats are a product of a process called partial hydrogenation and are integral to partially hydrogenated oils. Plaintiff cites to a 2015 FDA report concluding that hydrogenated oils may not be safe for human consumption, and other studies concluding that trans fats increase the risk of coronary heart disease and other adverse health effects.

Plaintiff contends she purchased Benecol Spreads for personal use in California after she reviewed the products' labels and believed them to be true. Plaintiff claims the representations on the labels led her to believe the Benecol Spreads contained neither trans fats nor trans fatty acids, and that the spreads were therefore safe for human consumption. Plaintiff alleges she relied on these representations and warranties in deciding to buy the Benecol Spreads, and asserts she would not have purchased the spreads if she knew they contained trans fats or trans fatty acids. Plaintiff further alleges she paid a premium for the Benecol Spreads and understood the purchase to be a transaction between herself and Defendants.

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

[2] The following recitation of facts is taken, at times verbatim, from the FAC.

According to Plaintiff, the Benecol Spreads necessarily contain trans fats because they contain partially hydrogenated soybean oil.  Thus, Plaintiff asserts that Defendants' labels on the Benecol Spreads are false and misleading.  Finally, Plaintiff alleges the incorrect labels led consumers to distinguish Benecol Spreads from other similar products, and allowed Defendants to charge a premium for their products.

Pursuant to her FAC, Plaintiff seeks to represent both a nationwide class and a California subclass of individuals who purchased Benecol Spreads for personal use.  This Court issued a Pretrial Scheduling Order ("PTSO") on March 7, 2016.  ECF No. 25.  That order provides: "No joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown."  Id. at 1.  While discovery was ongoing, Defendants filed the present Motion to Deny Class Certification.  Plaintiff thereafter sought leave to file a Second Amended Complaint ("SAC") proposing to add a representative plaintiff from New York, a New York subclass, and two claims arising under New York law.

**STANDARD**

**A.    Class Certification**

A court may certify a class if a plaintiff demonstrates that all of the prerequisites of Federal Rule of Civil Procedure 23(a)[3] have been met, and that at least one of the requirements of Rule 23(b) has been met.  See Fed. R. Civ. P. 23; Valentino v. Carter-Wallace, Inc., 97 F.3d 1227, 1234 (9th Cir. 1996).  Before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23.  Valentino, 97 F.3d at 1233.  While the trial court has broad discretion to certify a class, its discretion must be exercised within

///

_____

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

the framework of Rule 23.  <u>Zinser v. Accufix Research Inst., Inc.</u>, 253 F.3d 1180, 1186 (9th Cir. 2001).

Rule 23(a) provides four prerequisites that must be satisfied for class certification: (1) the class must be so numerous that joinder of all members is impracticable, (2) questions of law or fact exist that are common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).  Rule 23(b) requires a plaintiff to establish one of the following: (1) that there is a risk of substantial prejudice from separate actions; (2) that declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) that common questions of law or fact predominate and the class action is superior to other available methods of adjudication.  Fed. R. Civ. P. 23(b).

## B.    Leave to Amend

Generally, a motion to amend is subject to Rule 15(a), which provides that "[t]he court should freely give leave [to amend] when justices so requires."  Fed. R. Civ. P. 15(a)(2).  However, "[o]nce the district court ha[s] filed a pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16[,] which establishe[s] a timetable for amending pleadings[,] that rule's standards control[ ]."  <u>Johnson v. Mammoth Recreations, Inc.</u>, 975 F.2d 604, 607-08 (9th Cir. 1992); <u>see also</u> <u>In re W. States Wholesale Nat. Gas Antitrust Litig.</u>, 715 F.3d 716, 737 (9th Cir. 2013).

Rule 16(b) requires a party seeking leave to amend to demonstrate "good cause." Fed. R. Civ. P. 16(b).  "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment."  <u>Johnson</u>, 975 F.2d at 609.  "If that party was not diligent, the inquiry should end."  <u>Id.</u>  Although "the focus of the inquiry is upon the moving party's reason for seeking modification," a court may make its determination by noting the prejudice to other parties.  <u>Id.</u>

If good cause is found, the court must then evaluate the request to amend in light of Rule 15(a)'s liberal standard.  <u>Id.</u> at 608.  Leave to amend should be granted unless

4

amendment: (1) would cause prejudice to the opposing party, (2) is sought in bad faith, (3) creates undue delay, or (4) is futile.  Chudacoff v. Univ. Med. Ctr. of S. Nev., 649 F.3d 1143, 1153 (9th Cir. 2011) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). "Because Rule 16(b)'s 'good cause' inquiry essentially incorporates the first three factors, if a court finds that good cause exists, it should then deny a motion for leave to amend only if such amendment would be futile."  Baisa v. Indymac Fed. Reserve, No. 2:09-CV-01464-WBS-JFM, 2010 WL 2348736, at *1 (E.D. Cal. June 8, 2010).

## ANALYSIS

As a preliminary matter, Plaintiff argues that the Court's ruling on her motion for leave to amend could impact how the Court decides certification of the class.  ECF No. 52, at 1.  Indeed, the motion for leave to amend seeks to add a New York subclass and New York claims, and is thus connected to Plaintiff's nationwide class claims.  The Court therefore addresses Plaintiff's Motion first.  Because Plaintiff's Motion is denied, however, the Court's determination of Defendants' Motion is limited to its consideration of the operative FAC and not the proposed SAC.  See Mansfield v. Midland Funding, LLC, No. 09cv358, 2011 WL 1212939, at *1 (S.D. Cal. Mar. 30, 2011).

### A.    Motion for Leave to Amend[4]

#### 1.    Applicable Standard

The Court issued a PTSO in March 2016.  ECF No. 25.  Plaintiff argues that this PTSO failed to set a deadline for the amendment of pleadings, and thus Rule 16 does not apply and any motion for leave to amend is governed by the more liberal standards

---

[4] Defendants argue that Plaintiff's Motion for Leave to Amend should be denied solely on the ground that it fails to seek modification of the PTSO. ECF No. 47, at 4. However, the Ninth Circuit and this Court have acknowledged that motions to amend may act as de facto motions to modify a PTSO. Johnson, 975 F.2d at 609; Her v. Career Sys. Dev. Corp., No. 07-CV-2200, 2008 WL 4584768, (E.D. Cal. Oct. 7, 2008).  Additionally, Defendants' cited authority merely states that a court "may" deny the motion if it fails to seek modification of the PSTO.  Arellano v. T-Mobile USA, Inc., No. C10-05663, 2012 WL 1496181, (N.D. Cal. April 27, 2012).  This Court therefore exercises its authority to address the merits of the motion and, as in Johnson, finds "the results would not change if [Plaintiff's] motion were treated as a de facto motion to amend" the PTSO because both require a showing of good cause.  975 F.2d at 609.

5

of Rule 15.  In the cases Plaintiff cites in support, however, the respective PTSOs not only failed to give deadlines for amending the pleadings, but also made no reference to amending the pleadings at all.  See Stipulated Case Management Scheduling Order, In re: Facebook Privacy Litig., No. 10-CV-02389 (N.D. Cal. Aug 14, 2015), ECF No. 135; Case Management and Scheduling Order, Moeller v. Taco Bell Corp., No. C 02-5849 (N.D. Cal. June 27, 2008), ECF No. 386.  In contrast, the PTSO issued in this case specifically addresses amendment of pleadings and provides that "[n]o joinder of parties or amendments to pleadings is permitted without leave of court, good cause having been shown."  ECF No. 25, at 1.  Pursuant to that language, the deadline for amending the pleadings under the more liberal Rule 15 standard lapsed at the issuance of the PTSO.  In other words, the deadline Plaintiff claims is absent from the Court's PTSO is the date of the Order itself.

Furthermore, "[t]he scheduling order 'control[s] . . .' unless modified by the court," Johnson, 975 F.2d at 608 (second alteration in original) (quoting Fed. R. Civ. P. 16(e)).  Here, the language of the PTSO explicitly places a good cause standard on any future requests to amend.  Therefore, per Rule 16 and the language of the controlling PTSO, Plaintiff must show good cause for amending her complaint.

**2.    Good Cause**

Turning to whether good cause exists to modify the PTSO, Plaintiff contends she acted diligently in seeking leave to amend because the claims of the new proposed representative were not reasonably foreseeable or anticipated when the PTSO was issued, and Plaintiff did not "confirm" the proposed representative's purchase of the Benecol Spreads until six months after the Court issued the PTSO.  ECF No. 48, at 3.  Plaintiff also contends she was diligent because she filed her motion a week after confirming the claims of the new representative.  But Plaintiff fails to allege facts or present evidence that she was diligent in finding the new representative, or in confirming the claims promptly after finding that person.  In other words, if Plaintiff was not diligent ///

in her efforts to identify and confirm the new representative, her diligence in seeking to amend promptly after a delayed confirmation does not meet the good cause standard.

The Court is not convinced Plaintiff acted diligently to add the new representative and claims because her motion indicates that it took six months to confirm the following: (1) that the new representative is a citizen of New York; (2) that the new representative purchased Benecol Spreads for personal use; and (3) that there were violations under New York laws. ECF No. 46, at 1-3; ECF No. 48, at 3. For these reasons, Plaintiff has not demonstrated she acted with diligence in seeking leave to amend. Consequently, Rule 16's good cause standard has not been met and the motion must be DENIED.

### B.    Motion to Deny Class Certification

In its Motion, Defendants argue that the Court should deny certification of the nationwide class because Plaintiff fails to meet the requirements of Rule 23(b)(3). ECF No. 45, at 7. Rule 23(b)(3) requires Plaintiff to establish that common questions of law or fact predominate, and that class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b)(3). Defendants contend that according to California conflicts-of-law principals, Plaintiff's nationwide claims necessarily require application of the laws of each of the 50 states because the claims involve non-California residents and transactions that occurred outside of California. ECF No. 45, at 7, 17-19. Defendants further argue the laws of each state are materially different, such that common questions of law cannot possibly predominate. Id. at 10-16. Plaintiff argues in opposition that Defendants' Motion is premature and should be denied because discovery is not yet complete. ECF No. 52, at 4-8, 15. Essentially, Plaintiff argues that additional discovery could reveal that California law in fact applies to all claims, and therefore that common questions of law exist.

This Court has authority to consider Defendants' preemptive motion to deny nationwide class certification before discovery is complete and before Plaintiff files its motion for certification. See Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 941 (9th Cir. 2009). Although Plaintiff cites to cases in which courts have denied similar

7

motions (or motions to dismiss) due to the importance of completing discovery, ECF No. 52 at 5, 8, 10, 12, 14, it appears those cases addressed motions that were filed much earlier in the discovery process than Defendants' present motion. See Victorino v. FCA US LLC, No. 16cv1617, 2016 WL 6441518 (S.D. Cal. Nov. 1, 2016); Holt v. Globalinx Pet, LLC, No. SACV13-0041, 2013 WL 3947169 (C.D. Cal. July 30, 2013); Leon v. Standard Ins. Co., No. 2:15-cv-07419, 2106 WL 768908 (C.D. Cal Jan. 28, 2016); Bietsch v. Sergeant's Pet Care Prod., Inc., No. 15 C 5432, 2016 WL 1011512 (N.D. Ill. Mar. 15, 2016); In re Wal-Mart Stores, Inc. Wage & Hour Litig., 505 F. Supp. 2d 609 (N.D. Cal. 2007); Amey v. Cinemark USA Inc., No. 13-cv-05669, 2014 WL 4417717 (N.D. Cal. Sept. 5, 2014).[5] Here, by Plaintiff's own admission, Defendants have "substantially completed" the production of documents. ECF No. 52, at 1, 11. Indeed, Plaintiff's authority supports Defendants' argument that where—as here—substantial discovery has been completed, a motion to deny class certification may be appropriate. Moreover, and most importantly, the Court is not convinced that any amount of additional discovery will reveal a scenario in which California law could be applied to the claims of individuals from 49 other states arising from transactions that took place in those 49 other states.

As such, the Court finds Vinole v. Countrywide Home Loans, Inc., 571 F.3d 935, 941 (9th Cir. 2009), to be most applicable to this case. The Vinole court concluded that the plaintiff's discovery concerns did not preclude the court from considering the defendant's motion to deny class certification. Id. at 942-44. In reaching its conclusion, the court noted: (1) the "[p]laintiffs had nearly ten months to conduct informal and formal discovery," and did not seek additional discovery from the defendant; and (2) the plaintiffs could have asked for a continuance or extension of time to respond to the defendant's motion but chose not to. Id. at 943.

///

_____

[5] Plaintiff's recently-submitted citation to Barber v. Johnson & Johnson Co., No. 8:16-cv-1954-JLS-JCG, (C.D. Cal. Apr. 4, 2017), ECF No. 41, falls in this same category. ECF No. 73.

1    Here, Plaintiff has had thirteen months to conduct discovery.  Furthermore,

2    Defendants "substantially completed" their document production by October 31, 2016,

3    and Plaintiff received Defendants' final production by November 1, 2016.  ECF No. 52, at

4    7, 11.  Plaintiff thus had two months before the filing of her opposition to review that

5    discovery and to consider what additional discovery she might need.  Tellingly, Plaintiff

6    has failed to identify what additional discovery would support certification of her

7    nationwide class.  While Plaintiff briefly mentions that she has not taken depositions of

8    factual witnesses, she fails to identify which witnesses, and does not explain why these

9    depositions are necessary for certification.  ECF No. 52 at 8.[6]

10    Ultimately, while it may be true that courts might delay ruling on class certification

11    where that discovery would be useful or necessary to making that ruling, see Vinole,

12    571 F.3d at 942; Kamm v. California City Dev. Co., 509 F.2d 205, 210 (9th Cir. 1975);

13    § 1785.3 Timing of Certification, 7AA Fed. Prac. & Proc. Civ. § 1785.3 (3d ed.), here, the

14    Court is not convinced that any amount of additional discovery will be useful or

15    necessary to a class certification ruling.  Therefore, the Court finds it appropriate to rule

16    on Defendants' Motion to Deny Certification now.

17    To that end, when the laws of 50 states must be applied to the nationwide claims

18    of a case, Rule 23(b)(3)'s predominance requirement is not met.  Darisse v. Nest Labs,

19    Inc., No. 5:14-cv-01363, 2016 WL 4385849, at *15 (N.D. Cal. Aug. 15, 2016).

20    California's choice-of-law rules provide that a plaintiff wishing to apply California law to

21    all class members' claims has the initial burden of demonstrating that California has

22    significant contacts to each class member.  Mazza v. Am. Honda Motor Co., Inc.,

23    666 F.3d 581, 589 (9th Cir. 2012) (citing Wash. Mut. Bank v. Superior Court, 24 Cal. 4th

24    906, 921 (2001)).  If the plaintiff meets that burden, the burden shifts to the defendant to

25    demonstrate why other states' laws, rather than California law, should apply to the class

26

27    [6] Plaintiff contends that Defendants failed to provide meaningful discovery for the majority of that
thirteen month discovery period.  ECF No. 52, at 6-7.  The Court acknowledges Plaintiff's frustration.
Nevertheless, as discussed below, the Court is not convinced that additional discovery would change the
28    outcome in this instance.

members' claims. Id. at 590. If the interests of other states do not outweigh California's interest in applying its law, then application of California law to the nationwide class claims is appropriate. Id.

To determine which state has the greater interest, courts apply a three-step test: (1) determine whether the relevant law for each jurisdiction is different or the same; (2) if different, determine if each jurisdiction has an interest in applying its own law; (3) compare the interests of each jurisdiction. Id. Based on this analysis, the court should apply the law of the state whose interest would be most impaired if not applied. Id.

Defendants first contend that Plaintiff has not met her initial burden of establishing that California has significant contacts with non-resident class members whose transactions occurred outside of California, such that California law might apply to those claims. ECF No. 54, at 3-4. Indeed, Plaintiff fails to show evidence of the requisite contacts and only asks the Court to allow discovery to continue as such evidence might exist. ECF No. 52, at 12. As noted above, the Court is not convinced that any amount of additional discovery could reveal such contacts. Even assuming Plaintiff could show that such significant contacts exist between California and the non-resident members, the burden would then shift to Defendants to show that other states have a greater interest in applying their respective laws. Anticipating this shift, Defendants argue that there are material differences between California law and the relevant laws of the other states, and that those states have a greater interest in applying their respective laws to the present claims. ECF No. 52, at 9-19.

The Court finds that Defendants have the better argument. There are indeed material differences between California law and the laws of the other states governing (1) breach of express and implied warranty; (2) unjust enrichment; (3) negligent misrepresentation; (4) consumer protection;[7] and (5) fraud. See Darisse, 2016 WL

--------

[7] The Court acknowledges that Plaintiff only asserts claims under California's consumer protection laws on behalf of the California subclass at this time.

4385849, at *9-15; <u>Frezza v. Google</u>, No. 5:12-cv-00237, 2013 WL 1736788, at *2, *5-7; <u>In re Toyota Motor Corp.</u>, 785 F. Supp. 2d 883, 915-18 (C.D. Cal. 2011). The Court also finds that those states have an interest in applying their own law to conduct within their borders, and that California's interests are attenuated by comparison. Indeed, the Court recognizes that the interests of the jurisdiction in which the transaction or conduct occurred tend to predominate. <u>See</u> <u>Mezza</u>, 666 F.3d at 593-94; <u>McCann v. Foster Wheeler LLC</u>, 48 Cal. 4th 68, 97-98 (2010). Therefore, the Court finds that Plaintiff's nationwide class claims require application of the laws of all 50 states, and the Rule 23(b)(3) predominance requirement cannot be met. Having failed to meet Rule 23's requirements, the Court finds that Plaintiff's nationwide class cannot be certified and—because the Court also finds that additional discovery would not render a different outcome—GRANTS Defendants' Motion to Deny Nationwide Class Certification.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion for Leave to File Second Amended Class Action Complaint (ECF No. 45) is DENIED and Defendants' Motion to Deny Class Certification (ECF No. 46) is GRANTED. Plaintiff's California subclass is not affected by this ruling.

IT IS SO ORDERED.

Dated: May 22, 2017

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

11