TUCKER ELLIS LLP
Mollie F. Benedict – SBN 187084
mollie.benedict@tuckerellis.com
Ronie M. Schmelz – SBN 130798
ronie.schmelz@tuckerellis.com
Amanda Villalobos – SBN 262176
amanda.villalobos@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:  213.430.3400
Facsimile:  213.430.3409

Attorneys for Defendants MCNEIL NUTRITIONALS, LLC and
JOHNSON & JOHNSON

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN MARTINELLI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON and McNEIL NUTRITIONALS, LLC,<br><br>Defendants. | ) Case No. Case No. 2:15-cv-01733-MCE-DB<br>)<br>) **DEFENDANTS MCNEIL NUTRITIONALS,**<br>) **LLC AND JOHNSON & JOHNSON'S**<br>) **NOTICE OF SUPPLEMENTAL**<br>) **AUTHORITY IN SUPPORT OF THEIR**<br>) **OPPOSITION TO PLAINTIFF'S MOTION**<br>) **FOR CLASS CERTIFICATION, AND**<br>) **DEFENDANTS' MOTIONS TO EXCLUDE**<br>) **PLAINTIFF'S PROPOSED EXPERTS J.**<br>) **MICHAEL DENNIS AND COLIN B. WEIR**<br>)<br>)<br>) Date:      March 8, 2018<br>) Time:     2:00 p.m.<br>) Judge:    Hon. Morrison C. England, Jr.<br>)<br>) [Hearing vacated per Court's 11/16/17 Order]<br>)<br>) |

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants submit this Notice of Supplemental Authority in support of their Opposition to Plaintiff's Motion for Class Certification, and Defendants' Motions to Exclude Plaintiff's Proposed Experts J. Michael Dennis and Colin Weir. This Notice of Supplemental Authority is based on the February 13, 2018 order issued by Judge Lucy H. Koh in the Northern District of California denying the plaintiff's motion for class certification in *Bruton v. Gerber Products Co.*, No. 12-cv-02412 (hereinafter "*Gerber* Order"), attached hereto as **Exhibit A**. In *Gerber*, the plaintiff attempted to certify a class of California residents who purchased Gerber baby food products that included allegedly improper or deceptive nutritional claims, such as "healthy" or "no added sugar," on their labels. Ex. A, *Gerber* Order at 1, 3. Judge Koh—one of the preeminent class action jurists in California—denied the plaintiff's motion for class certification because, for among other reasons, the plaintiff's expert failed to propose a price premium damages model that properly captured the amount of money consumers lost from the alleged misbranding. *Id.* at 15, 20-21. Judge Koh's thoughtful and well-reasoned decision informs and supports denial of class certification in this case.

The *Gerber* Order is directly relevant to Defendants' pending motions to exclude the opinions of Plaintiff's proposed experts, Dr. J. Michael Dennis (Dkt. 83) and Mr. Colin B. Weir (Dkt. 85)—both of whom base their opinions on a similarly flawed price premium model—as well as Plaintiff's pending motion for class certification which is based on that model (Dkt. 80). Of particular importance to this Court's determination of the pending motions is Judge Koh's rejection of the plaintiff's expert's price premium model because the expert, like Plaintiff's experts in this case, failed to properly account for factors that affect purchasing decisions, such as brand recognition, ingredients, and product quality. As Judge Koh explained:

> . . . [The] proposed Price Premium Model [advanced by Plaintiff's expert] proposes comparing the price of the identified Gerber products to the price of allegedly comparable products (*e.g.* Beech-Nut baby food) that lack the challenged statements, and then calculating the entire price difference as restitution for Gerber's misrepresentation. [citation] As in *Brazil*, the Court rejects this model because "[Plaintiff's expert] has no way of linking the price difference, if any, to the allegedly unlawful or deceptive label statements or controlling for other reasons why allegedly comparable products may have different prices." *Brazil I*, 2014 WL 2466559, at *16. Put otherwise, ***the Price Premium Model presumes that the entire price difference between Gerber baby food and a competitor such as Beech***

TUCKER ELLIS LLP

Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

1

1     ***Nut baby food is attributable to Gerber's misleading statements, when
2     any number of factors—such as brand recognition or loyalty,
      ingredients, and product quality—might explain all or part of the
3     difference***. *Id.*; *see also In re POM Wonderful LLC*, 2014 WL 1225184,
      at \*3 (C.D. Cal. 2014) ("[T]he Price Premium model simply calculates
4     what the price difference [is].  This damages 'model' does not comport
      with *Comcast*'s requirement that class-wide damages be tied to a legal
5     theory, nor can this court conduct the required 'rigorous analysis' where
      there is nothing of substance to analyze.").
6

7     Ex. A, *Gerber* Order at 15 (emphasis added).

8          Dr. Dennis's and Mr. Weir's opinions in this case suffer from the same fatal defect that defeated

9     the price premium model advanced in *Gerber*; their opinions are misguided, unhelpful, and, as dictated

10    by *Comcast* and supported by *Brazil* and *In re POM Wonderful*, must be excluded.  The price premium

11    model proposed by Dr. Dennis (and blindly relied upon by Mr. Weir) is even more defective than the

12    one presented in *Gerber*.  Dr. Dennis's model specifically instructed survey respondents to "keep factors

13    [such as brand and taste] constant"—*i.e.*, to ignore other factors and focus only on the Benecol label's

14    "No Trans Fat" claims.  *See* Defs.' Reply to Exclude Dennis (Dkt. 111) at 9.  And remarkably, Dr.

15    Dennis failed to show survey respondents actual Benecol labels; instead, he used bullet-point text that

16    was completely removed from real-life consumer experience and, inexplicably, conveyed information

17    that never appeared on Benecol labels.  *See* Defs.' Mot. to Exclude Dennis (Dkt. 83) at 13.  As explained

18    by Defendants' experts, in particular Dr. Scott Swain, the responses of survey respondents, which

19    undergird the opinions of Plaintiff's experts, are divorced from recognized, real-world factors well-

20    known to motivate consumers' purchasing decisions and are not probative of the price premium

21    attributable to the "No Trans Fat" claims in this case.  *See, e.g.*, Defs.' Opp'n to Exclude Swain (filed

22    concurrently herewith) at 6-7.  The survey respondents' answers, upon which Plaintiff's experts based

23    their opinions, simply do not serve as a credible basis for calculating damages in this case.

24         At bottom, because Plaintiff's motion for class certification relies exclusively on this flawed

25    damages model, her motion should be denied in its entirety.  And, for the reasons above and those

26    presented in Defendants' moving papers, Defendants respectfully submit that the Court must grant their

27    motions and exclude the opinions of J. Michael Dennis and Colin B. Weir in their entirety.

28

TUCKER ELLIS LLP
Chicago ♦ Cleveland ♦ Columbus ♦ Houston ♦ Los Angeles ♦ San Francisco ♦ St. Louis

DEFENDANTS' REPLY IN SUPPORT OF EX PARTE APPLICATION

DATED:  February 22, 2018

TUCKER ELLIS LLP

By: _/s/ Ronie M. Schmelz_

Mollie F. Benedict - SBN 187084
mollie.benedict@tuckerellis.com
Ronie M. Schmelz – SBN 130798
ronie.schmelz@tuckerellis.com
Amanda Villalobos - SBN 262176
amanda.villalobos@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Tel: 213.430.3400 | Fax: 213.430.3409

Attorneys for Defendants MCNEIL
NUTRITIONALS, LLC and JOHNSON &
JOHNSON

3

DEFENDANTS' REPLY IN SUPPORT OF EX PARTE APPLICATION

**CERTIFICATE OF SERVICE**

This Certificate of Service is made in compliance with Local Rule 5.1.2 and Civ.R. 5(b). I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 515 South Flower Street, Forty-Second Floor, Los Angeles, CA 90071-2223.

On the date indicated below, a true and correct copy of the foregoing **DEFENDANTS MCNEIL NUTRITIONALS, LLC AND JOHNSON & JOHNSON'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION, AND DEFENDANTS' MOTIONS TO EXCLUDE PLAINTIFF'S PROPOSED EXPERTS J. MICHAEL DENNIS AND COLIN B. WEIR** was filed with Court and served electronically and will be available for viewing and downloading from the Court's CM/ECF system:

The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

Executed on, **February 22, 2018**, at Los Angeles, CA.

I declare under penalty of perjury that I am employed in the office of a member admitted to practice and ECF registered in this Court at whose direction the service was made and that the foregoing is true and correct.

By   */s/ Ronie M. Schmelz*
     Ronie M. Schmelz

TUCKER ELLIS LLP
Chicago ◆ Cleveland ◆ Columbus ◆ Houston ◆ Los Angeles ◆ San Francisco ◆ St. Louis