UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOANN MARTINELLI, individually and on behalf of all others similarly situated,

Plaintiff,

v.

JOHNSON & JOHNSON and McNEIL NUTRITIONALS, LLC,

Defendants.

No. 2:15-cv-01733-MCE-DB

**MEMORANDUM AND ORDER**

Through this class action, Plaintiff Joann Martinelli ("Plaintiff"), individually and on behalf of others similarly situated, seeks relief from Defendants Johnson & Johnson and McNeil Nutritionals, LLC (collectively "Defendants") arising from the labeling and sale of Benecol Regular and Light Spreads ("Benecol Spreads"). Plaintiff alleges eight causes of action: (1) breach of express warranty, (2) breach of implied warranty of merchantability, (3) unjust enrichment, (4) violation of California's Consumers Legal Remedies Act, (5) violation of California's Unfair Competition Law, (6) violation of California's False Advertising Law, (7) negligent misrepresentation, and (8) fraud. First Am. Compl. ("FAC"), ECF No. 9.

On May 23, 2017, the Court denied Plaintiff's Motion for Leave to File a Second Amended Complaint (ECF No. 46), and granted Defendants' Motion to Deny Nationwide

1

Class Certification (ECF No. 45). Order, ECF No. 78. The latter portion of the Order denied certification of Plaintiff's proposed nationwide class, leaving Plaintiff's proposed California subclass unaffected. On August 28, 2017, Plaintiff filed a Motion to Certify two classes: the previously named California Class, and a Multistate Express Warranty Class. ECF No. 80. That motion was originally noticed for December 14, 2017, and continued by the parties to March 8, 2018. See ECF Nos. 92-93.

After the filing of that motion, Defendants filed an Opposition and two separate motions to exclude Plaintiff's experts. ECF Nos. 82, 83, and 85. Plaintiff separately opposed each motion to exclude, filed three Motions to Strike various of Defendants' expert testimony (all of which Defendants opposed separately), and separately filed two expert declarations in support of her original Motion to Certify the Class. ECF Nos. 99-105, 132, 134, 136. Defendants then submitted a surreply in response to Plaintiff's reply in support of her Motion, and two motions to strike the reply declarations of Plaintiff's experts, all of which were opposed by Plaintiff. ECF Nos. 116, 120, 121, 124-126. On February 26, 2018, Plaintiff filed an ex parte Application for an order striking Defendants' new arguments and striking Defendants' untimely oppositions to Plaintiff's motions to strike. ECF No. 138. Defendants' have opposed that application. ECF No. 139. All motions were scheduled for a hearing date of March 8, 2018, and all are currently pending before the Court.[1] All total, the parties have filed nine noticed motions/applications, and twenty-eight separate filings, all related to a single class certification motion, and the majority of them dealing with evidentiary and expert issues.

As set forth in the Court's March 7, 2016 Scheduling Order, with regard to the class certification motion, "[t]he Court places a page limit for points and authorities (exclusive of exhibits and other supporting documentation) of twenty (20) pages on all initial moving papers, twenty (20) pages on oppositions, and ten (10) pages for replies." ECF No. 25, at 2. The reason for these limits is twofold: (1) with rare exception, anything

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

2

that needs to be conveyed to the Court can be conveyed in twenty pages[2]; and (2) the Court's resources are limited. Indeed, the Eastern District of California has one of the highest caseloads per judge in the country, with 1,246 pending cases per judge as of the end of 2017.[3] Even if that were not the case, however, the filings the parties submitted here in relation to a single motion are still enough to drown a less impacted tribunal.

Though the parties have technically complied with those page limits in each of their filings, they have filed nine separately noticed motions all relating to the same single issue of class certification. On top of those nine opposed motions, the parties have filed surreplies, replies to surreplies, ex parte requests, and notices of supplemental authority—28 total filings, by the Court's count. Certainly, some additional filings are warranted in some cases, but based on the repetitive and cumulative nature of these 28 additional filings, such is not the case here. The parties have muddled the docket, unnecessarily complicated issues that could be simplified, buried the Court in an attempt to paper each other to death, and, in sum, violated the spirit of the Court's Scheduling Order. Consequently, and pursuant to the Court's inherent power to manage its docket, the Court orders as follows:

1. All pending motions are VACATED.
2. Plaintiff is ordered to refile her Motion for Class Certification no earlier than April 1, 2018, noticing that motion for August 9, 2018.
3. Each side is permitted to file only one evidentiary motion encompassing all challenges to experts and/or other evidence. Such Motions shall also be noticed for August 9, 2018. Any evidentiary motion from Defendants shall be filed simultaneously with Defendants' Opposition to Plaintiff's certification motion. Any evidentiary motion from Plaintiff shall be filed simultaneously with Plaintiff's Reply in support of her certification motion.

---

[2] Of course, if a party feels its issues are so complicated that they warrant additional pages, that party may request such an enlargement, as also provided in the Court's Scheduling Order. Id.

[3] See Federal Court Management Statistics, December 2017, Comparison Within Circuit, *available at* http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison1231.2017.pdf.

4. Not later than ten (10) days following the date this Order is electronically filed, the parties are directed to meet and confer and to file with the Court a stipulated briefing schedule (and proposed order) that ensures that all of the foregoing motions will be fully briefed prior to the August 9, 2018, hearing date.
5. All motions will be submitted unless and until such time the court determines whether oral argument will be necessary.
6. The parties are further ordered to file a statement with the Court advising when briefing is complete.
7. At the time such statement is submitted, the parties are ordered to submit on one joint jump drive or disc, unredacted copies of all filings and supporting documents, organized by motion.

IT IS SO ORDERED.

Dated: March 26, 2018

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE