**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-Mail:  ltfisher@bursor.com
         fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Joseph I. Marchese (admitted *pro hac vice*)
Neal J. Deckant (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
E-Mail:  scott@bursor.com
         jmarchese@bursor.com
         ndeckant@bursor.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOANN MARTINELLI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON and McNEIL NUTRITIONALS, LLC,<br><br>Defendants. | Case No.: 15-cv-01733-MCE-DB<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF THEIR OPPOSITION TO PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>Date: August 9, 2018<br>Time: 2:00 p.m.<br>Courtroom 7, 14th Floor<br><br>Judge Morrison C. England, Jr. |

On June 22, 2018, Defendants Johnson & Johnson and McNeil Nutritionals, LLC (collectively, "Defendants") submitted a Notice of Supplemental Authority in Support of Their Opposition to Plaintiff's Renewed Motion for Class Certification, based on the U.S. Supreme Court's recent decision in *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800 (2018).  In doing so, Defendants' Notice of Supplemental Authority includes legal arguments as to the purported applicability of *Resh*, namely that "the Supreme Court held that the tolling rule announced in *American Pipe and Construction v. Utah*, 414 U.S. 538 (1974), does not toll the statute of limitations for successive class actions; rather the tolling rule only applies to individual claims that might be brought by putative class members."  Defs.' Notice at 1.  Defendants' argument as to the applicability of *Resh* are both procedurally improper and substantively incorrect.

Procedurally, notices of supplemental authority may not contain additional legal arguments. *See*, *e.g.*, *U.S. v. Ghahreman*, 211 F.3d 1275, 1275 n.3 (9th Cir. 2000) ("Notices of supplemental authority may not contain argument."); *Nichols v. Harris*, 17 F. Supp. 3d 989, 996 n.3 (C.D. Cal. 2014) ("[F]iling a Notice of Supplemental Authority with a copy of or a citation to a recently published case is proper; including a memorandum with the Notice explaining why the case is relevant is not.").

Substantively, Defendants are incorrect that *Resh* is applicable, as it is part of the wrong body of law.[1]  The *Resh* decision is an extension of the tolling rules announced in *American Pipe* and its progeny, which <u>only apply to federal claims in federal question cases, but not state law claims in diversity cases</u>.  *See*, *e.g.*, *State Farm Mut. Auto. Ins. Co. v. Boellstorff*, 540 F.3d 1223, 1228 (10th Cir. 2008) (following Colorado's state-law tolling rules in a diversity action because "they are an integral part of several policies served by the statute of limitations") (internal quotation marks omitted); *Casey v. Merck & Co.*, 653 F.3d 95, 100 (2d Cir. 2011) ("[A] federal court evaluating the timeliness of state law claims must look to the law of the relevant state to determine whether, and to what extent, the statute of limitations should be tolled by the filing of a

---

[1] Plaintiff is cognizant of the irony that she is responding to Defendants' improper arguments with further arguments of her own.  That said, *to the extent* the Court considers Defendants' arguments in their Notice of Supplemental Authority, Plaintiff respectfully requests that the Court *also* consider her responses.

1   putative class action in another jurisdiction."). Indeed, it is black letter law that courts sitting in diversity jurisdiction must apply the substantive law of each state, pursuant to an *Erie* analysis, <u>which incorporates each state's tolling rules as part of its "substantive" state law</u>. See *Nevada Power Co. v. Monsanto Co.*, 955 F.2d 1304, 1306 (9th Cir. 1992) ("[F]ederal courts exercising diversity jurisdiction are to use state statutes of limitation."); *Centaur Classic Convertible Arbitrage Fund Ltd. v. Countrywide Financial Corp.*, 878 F. Supp. 2d 1009, 1014-17 (C.D. Cal. 2011) ("The rule of *American Pipe* operates to toll the statute of limitations from the commencement of the putative class action until the court denies class certification. <u>It applies within the federal court system in federal question class actions only</u> and protects a plaintiff who has relied on the filing of a prior class action to vindicate the right in question. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1025 (9th Cir. 2008)."); *Albano v. Shea Homes Ltd. P'Ship.*, 634 F.3d 524, 530 (9th Cir. 2011) ("A federal court sitting in diversity applies the substantive law of the state, including the state's statute of limitations. Federal courts must abide by a state's tolling rules, which are integrally related to statutes of limitations.") (citations omitted). Defendants even concede in their briefing that "*American Pipe* operates to toll the statute of limitations from the commencement of the putative class action until the court denies certified … <u>in federal question class actions only</u>."  5/18/18 Defs.' Br. at 15 (Dkt. 175) (emphasis added).

Moreover, unlike *Resh*, there was never a denial of class certification in *Reid*, as it was voluntarily dismissed following remand from the Ninth Circuit. *Cf. Resh*, 138 S. Ct. at 1804 (question presented was, "<u>Upon denial of class certification</u>, may a putative class member, in lieu of promptly joining an existing suit or promptly filing an individual action, commence a class action anew beyond the time allowed by the applicable statute of limitations?") (emphasis added).

In sum, Defendants have not presented any authority that *Resh* represents a departure from California's established tolling rules under state law, much less that *Resh* is even applicable to the present matter. The correct analysis, applying California's tolling rules under state law, is found in pages 5-8 of Plaintiff's Reply Memorandum of Law in Support of Renewed Motion for Class Certification (Dkt. 182).

Dated: July 2, 2018            **BURSOR & FISHER, P.A.**

                                         By:   */s/ Frederick J. Klorczyk III*
                                                   Frederick J. Klorczyk III

L. Timothy Fisher (State Bar No. 191626)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
           fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
Neal J. Deckant (admitted *pro hac vice*)
Joseph I. Marchese (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: scott@bursor.com
          jmarchese@bursor.com
          ndeckant@bursor.com

*Attorneys for Plaintiff*