**O'MELVENY & MYERS LLP**
Richard B. Goetz (State Bar No. 115666)
Carlos M. Lazatin (State Bar No. 229650)
400 South Hope Street
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile:  (213) 430-6407
Email: rgoetz@omm.com
       clazatin@omm.com

**O'MELVENY & MYERS LLP**
Hannah Y. Chanoine (admitted *pro hac vice*)
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 326-2000
Facsimile:  (212) 326-2061
Email: hchanoine@omm.com

*Attorneys for Defendants*

**BURSOR & FISHER, P.A.**
Neal J. Deckant (State Bar. No. 322946)
Frederick J. Klorczyk (State Bar No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:    ndeckant@bursor.com
           fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (admitted *pro hac vice*)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail:    jmarchese@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL 33133-5402
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail:    scott@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANN MARTINELLI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON and McNEIL NUTRITIONALS, LLC,<br><br>Defendants. | No. 2:15-cv-01733 MCE DB<br><br>**STIPULATION AND ORDER ESTABLISHING REMOTE DEPOSITION PROTOCOL** |

WHEREAS under Rule 30(b)(4), the parties may stipulate that a deposition be taken by telephone or other remote means; and

WHEREAS in light of the COVID-19 pandemic, Defendants Johnson & Johnson and McNeil Nutritionals, LLC ("Defendants") and Plaintiff JoAnn Martinelli ("Plaintiff") (collectively the "Parties") foresee that some depositions, whether by agreement or by Court order, may take place remotely in this matter;

NOW THEREFORE the undersigned Defendants and Plaintiff hereby stipulate and agree to the following protocol for the taking of remote depositions in this matter, and respectfully request that the Court so-order this stipulation:

1. **Applicability.**  Unless otherwise agreed in writing by the Parties, this Order applies to depositions taken remotely during the COVID-19 pandemic, recognizing the special circumstances that may prevent participants from physically attending depositions (the "Pandemic Period").  Remote depositions in this matter may take place only by agreement of the Parties or order of the Court.  Remote depositions of third parties may take place only by agreement of the Parties and the third-party deponent, or by order of the Court.  Where a third-party deposition proceeds remotely, the third-party deponent, and his or her counsel, shall be bound by the terms of this stipulation.  Nothing herein shall be interpreted as precluding any party from objecting to a particular deposition occurring remotely based on the specific circumstances of the deponent, the nature of the deposition, or other particularized facts.

2. **Proceeding with a Remote Deposition.**  A party seeking to depose a witness must first notify counsel for that witness in writing of its intent to depose that witness, following which, after a period of advance coordination, the party may notice the deposition.  During the advance coordination, and prior to scheduling and noticing any remote deposition, counsel for the party seeking the deposition and counsel for the witness shall take into account the following:

   A. **Public Health.**  The conditions and procedures proposed for conducting a remote deposition must give due account to applicable health directives in place at the time of the deposition and recommendations and individual medical advice

affecting Participants.[1] No person shall be required to violate or disregard applicable health directives and recommendations or the advice of his or her physician.

B. **Right to Counsel**. A deponent has a presumptive right to receive the confidential advice and assistance of counsel in: (a) preparing for the deposition and (b) defending the deposition. This Order does not modify or abridge that right in any way; nor does this Order modify or abridge the right of any party taking a deposition to do so in person if it prefers to do so. If defending counsel defends the deposition in-person rather than by remote means, counsel for the noticing party must also be permitted to attend the deposition in-person.

C. **Private, Quiet, and Secure Locations**. Each Participant must have access to a private, quiet, and secure room where he or she will be uninterrupted and where confidentiality of the proceedings may be preserved for the entirety of the deposition. Prior to the deposition commencing, defending counsel and counsel for the noticing party should confer over whether the deponent's background may distract from the testimony.

D. **Confidentiality/Security**. To ensure the confidentiality and integrity of the deposition and any exhibits: (i) only Participants may participate in remote depositions or otherwise communicate with the deponent during the remote deposition ; (ii) all Participants must be able to participate through a secure audio/video conferencing platform that, at a minimum, provides verifiable end-to-end encryption, requires unique user-identity authentication, and employs a vendor-moderated "green room" or "lobby" feature; and (iii) Participants must receive and maintain any exhibits securely. Additionally:

---

[1] For purposes of this Order, "Participants" are the deponent, counsel for the parties, counsel for the deponent, the court reporter, the videographer, and any technician(s) providing support services.

        a.      All Participants who connect to the audio/video platform must connect, through a private, password-protected network.  Connection through a public Wi-Fi network is not permitted.

        b.      The noticing party shall ensure that technical and other information concerning the security of the proposed audio/video platform is available to all Participants at least five business days before the deposition.

E.    **Access to Suitable Hardware and Software**.

        a.      When the party seeking a deposition first provides counsel for the witness with written notification of its intent to depose a witness remotely, and, unless otherwise agreed to, in no case fewer than 14 days prior to the deposition, the noticing party shall inform all parties of (1) the videoconferencing platform it intends to use; (2) the minimum technical specifications required for the secure and uninterrupted use of that platform, including equipment, software, and internet bandwidth requirements; (3) additional software, if any, that will be used during the deposition; and (4) the names and contact information of the individuals who will support the deposition and who can answer questions about technical requirements.  The noticing party shall promptly inform all parties of any updates to the noticed videoconferencing platform that are implemented in the time between providing this notice and the date of the deposition.

        b.      Each Participant must possess a laptop, desktop, tablet, or other suitable device with internet, webcam, and microphone capabilities as well as necessary internet browser and other software.  Devices to be used must be secured with appropriate firewalls, VPN, or similar security infrastructure.  If the deponent does not have access to such a device, counsel for the deponent shall undertake reasonable efforts to provide the

|   |   |
|---|---|
| 1 | deponent with such device.  If the deponent is a third party and not |
| 2 | affiliated with a party, counsel for the third party, if applicable, shall be |
| 3 | responsible for ensuring that the deponent possesses all necessary |
| 4 | equipment and software.  If the third party is unrepresented, the noticing |
| 5 | party shall be responsible for ensuring that the deponent possesses all |
| 6 | necessary equipment and software. |

7        F.      **Connectivity**.  The deponent must have sufficient internet connectivity and
8              bandwidth to support a video deposition.  Such capacity shall be sufficient to
9              ensure that when used with the deposition platform, there will be (a) high-quality
10             video upload (from the deponent) and download (to other Participants), (b) no
11             material time discrepancy between audio and video, and (c) consistent
12             connectivity, with no material disruptions.  Additionally:

13                 a.      The available internet connection must be a Broadband connection
14                  (cable or satellite) of at least 10Mbps or better.

15                 b.      Where practicable, defending counsel shall arrange a test of the
16                  deponent's equipment with the deposition vendor using the planned system
17                  reasonably in advance of the deposition.  Any participating lawyer may
18                  also request such an advance test for his or her own equipment and internet
19                  connection, and such requests shall be reasonably accommodated.  Also
20                  reasonably in advance of the deposition, defending counsel shall confirm to
21                  the noticing party that the deponent is able to access and operate the remote
22                  deposition platform so that the deponent is able participate in the remote
23                  deposition effectively.

24        G.      **Special Circumstances of the Witness**.  To the extent that the witness is
25             confronted with special circumstances that require accommodation, the parties
26             shall discuss in good faith reasonable options to proceed in a manner that avoids
27             such conflicts.  No such option for accommodating the special circumstances of

28

1  the deponent shall impose unreasonable burdens on the deponent or others in the
2  household or require the deposition to take place outside of normal business hours,
3  absent consent of all Participants.

3. **Noticing a Remote Deposition**

   A.   Counsel for the noticing party and the deponent will attempt to resolve any dispute concerning whether the conditions of Section 2 are satisfied for a particular witness/deposition. If such dispute cannot be resolved by counsel, the party seeking the deposition may seek guidance from the Court.

   B.   Unless otherwise agreed to, the deposition notice shall be served on all parties at least 14 days in advance of the deposition and shall specifically advise that the deposition will be taken remotely and include the date and time of the deposition. The notice shall identify the vendor that the noticing party has retained to facilitate the remote deposition and provide contact information (name, e-mail, and telephone number) for an official or responsible employee of the vendor and any other person(s) who have been appointed to provide technical support during the deposition.

4. **Conducting a Remote Deposition**

   A.   Any remote deposition shall use a platform and system(s) that comply with all requirements of this Order, including providing high-quality and reliable video and audio streaming to all Participants; full synchronization of audio and video with each other and with real-time transmission from the court reporter; and the ability of every Participant to be heard clearly by all other Participants even if another Participant is speaking (*e.g.*, if an objection is being stated).

   B.   No later than 24 hours in advance of a deposition, the parties shall provide names of all planned Participants to the vendor retained to facilitate the deposition. To the extent a party's designated Participant is unable to attend the deposition for any reason within the final 24 hour period, that party may designate a new

1 Participant.  Upon notice to all parties, that new Participant may use the credentials
2 and/or password provided to the original Participant.
3   C.  The noticing party and/or its vendor must ensure that only registered
4 Participants are sent a link to join the deposition; no link should be posted on a
5 website or otherwise made publicly available.  The deposition conference
6 password shall be provided in a separate e-mail communication from the e-mail
7 communication providing the platform link.  The vendor shall maintain a list of all
8 Participants.  No person in possession of the remote connection information shall
9 disseminate that information to anyone except Participants.
10   D.  The party noticing the deposition shall arrange for technical support for the
11 duration of the deposition, to be available to any Participant in the event of
12 technological issues.
13   E.  The vendor shall provide a real-time transcript during the deposition that
14 shall be available to all Participants, upon request, via a feed that can be accessed
15 through the same device on which the video feed is being viewed or via a second
16 device.
17   F.  The vendor's software/application shall automatically alert the court
18 reporter if any Participant is disconnected from the deposition.  The deposition
19 shall be stopped immediately to resolve connectivity issues or other issues that
20 affect participation in the remote deposition, such as issues relating to undue
21 slowness, a loss of either of video or audio or a mismatch between the audio and
22 video feeds.  Any time during which the deposition is paused due to technical
23 issues experienced by a Participant will not count against the time allotted for that
24 deposition.
25   G.  A videographer shall remotely capture the deposition video and provide a
26 certified recording.  The video recording shall be only of the deponent, and only
27 time on the record in the deposition shall be recorded.
28

JOINT STIPULATION AND ORDER EXTENDING CASE SCHEDULE
Case No. 2:15-cv-01733-MCE-DB
- 6 -

H.     If privileged information is disclosed during the deposition due to a technical disruption, or to the extent any privileged conversation between a deponent and the deponent's counsel is captured by a videoconferencing or other recording device, such disclosure shall not be deemed a waiver of privilege.

I.     The questioning attorney shall wait until it is clear that a question has been fully answered before interjecting or asking another question.  Any system and equipment used for a remote deposition must permit the defending lawyer(s) to assert objections in real time.  If the defending lawyer is unable to do so, the deposition shall be suspended until the situation can be corrected.  If any lawyer is prevented from asserting a timely objection on the record due to a technical disruption, that lawyer should attempt to assert the objection before the deposition ends, in which case it will be preserved as if it had been timely presented and recorded.  If technical issues arise which prevent the objecting attorney from participating in the deposition whereby it becomes impossible for the objecting attorney to place a timely objection on the record before the deposition ends, and within five business days of receipt of the final transcript that attorney provides a sworn affidavit setting forth the facts on why the attorney was unable to place that objection on the record before the deposition ended, the objection will be preserved.  Any dispute about the validity of such an objection may be presented to the Court.  Any objection by any party is preserved for all other parties who intend to join without the need to join in the same; thus, counsel should not repeat or "join" an objection already made by another lawyer.

5.     **Authority of Court Reporter to Swear Deponent in Remotely**

A.     The deposition shall be deemed to have been conducted before a court reporter even if the court reporter is not physically present with the deponent so long as the court reporter attends the deposition via reliable remote means (*e.g.*,

videoconference) and so long as all Participants (including the court reporter) can hear and be heard by all other Participants at all times.

B. At the outset of the deposition, all Participants attending remotely shall be identified on the record. The court reporter is authorized to swear the deponent remotely. After the deponent has been sworn, the deponent must confirm that he or she has either powered down or, at a minimum, temporarily disabled the listening function on any Google Home, Amazon Echo, or any other known "listening devices" placed within listening distance of the deponent.

6. **Exhibits**

A. If agreed to by the Parties, the noticing party and any other party who intends to use exhibits during the deposition may deliver complete hard copies of all potential exhibits to the deponent so that they are received one business day before the scheduled start of the deposition. The deponent shall not view or open the package prior to the time the exhibits are used in the deposition. When hard-copy exhibits are used during the deposition, before asking about a particular exhibit, the noticing party will transmit or display that exhibit electronically to all Participants. In lieu of hard-copy exhibits, the noticing party may use electronic exhibits. Before asking about a particular electronic exhibit, the noticing party will transmit or display that exhibit electronically to all Participants including the deponent. When defending counsel uses exhibits for purposes of follow-up examination, defending counsel must transmit or display that exhibit electronically to all Participants including the deponent before asking about a particular electronic exhibit.

B. To permit delivery of exhibits, the noticing party may require that all Participants provide addresses to be used for this purpose. An address provided pursuant to this Section shall be regarded as highly confidential and may not be

1  used by the noticing party for any purpose other than arranging for delivery of
2  exhibits.
3  C. When hard-copy exhibits are delivered, each exhibit shall be separated
4  from the others in a clearly identifiable manner (e.g., by numbered tabs) so that
5  they can be readily located by the deponent and other Participants.  Parties are
6  strongly encouraged to pre-mark each exhibit with exhibit numbers for use at the
7  deposition.  Exhibits need not be used during the deposition in numerical order.
8  D. If delivered in hard-copy, exhibits may be placed in sealed envelopes and,
9  if so, shall not be opened until instructed during the deposition by the deposing
10 attorney.  The breaking of the seal on the envelope by the deponent shall occur on
11 the video, and the court reporter shall note such occurrence on the record..  The
12 files consisting of exhibits transmitted electronically may not be opened and
13 reviewed until instructed during the deposition by the deposing attorney
14 E. If hard-copy exhibits are used during the deposition, following completion
15 of the deposition, the deponent will secure the exhibits that were used in the
16 deposition in an envelope or box immediately following the deposition and will
17 not alter any exhibit (mark up, remove pages, etc.) after the conclusion of the
18 deposition.  Participants shall store the exhibits in a secure location that protects
19 confidentiality.  Counsel for the deponent – or, in the case of an unrepresented
20 deponent, noticing counsel – shall arrange for the delivery of the official set of
21 exhibits from the deponent to the court reporter.  To preserve confidentiality,
22 unused exhibits in the possession of the deponent shall be returned or destroyed as
23 the noticing party directs.
24 F. If the noticing party wishes also to use an electronic version of an exhibit,
25 the noticing party may direct the deponent to portions of the electronic version of
26 the document on the video deposition screen, and the deponent may request to
27 review the entire document, or any portion thereof, prior to answering questions
28

JOINT STIPULATION AND ORDER EXTENDING CASE SCHEDULE
Case No. 2:15-cv-01733-MCE-DB

- 9 -

regarding the exhibit.  This protocol shall apply to exhibits used by defending counsel for follow-up examination.  This protocol neither restricts nor enlarges a deponent's right to review an entire document and not just those portions to which an attorney specifically directs the deponent.

7. **Conduct During a Deposition and Communications With the Witness**

A. During live testimony on the record, attorneys shall not communicate in any manner with the deponent in any way that cannot be heard or seen by all Participants to the deposition.  This includes private messages of any kind, including but not limited to instant messages or text messages conveyed through phones, smart watches, or similar devices.  Such prohibition shall not affect the right of the deponent and her/his lawyer(s) to communicate in private off the record to the extent otherwise permitted under the applicable rules.

B. To the extent that the vendor's technology includes a "chat" feature or similar capabilities, the noticing party shall ensure that the vendor either: (a) disables the feature or (b) implements settings (if available) that require all communications to be seen by all Participants.  Nothing in this provision is to be read as prohibiting otherwise appropriate communications among Participants by other means.

C. A deponent may consult privately with counsel during any time such consultation would be permissible if the deposition were taken live, including by asking for a break to seek advice on a possible issue of privilege.

D. In instances where another Participant is in the same room with or otherwise visible or audible to the deponent but the questioning attorney is not, the noticing party may provide for a second video camera to record the actions of the person in the same room as the deponent or who are otherwise visible or otherwise visible or audible to  deponent during times that the deponent is on the record.  Any such additional camera must be turned off during breaks and will not be

1 considered part of the official record unless separately introduced as evidence in
2 support of a noticed motion directed at the conduct of the Participant visible to the
3 deponent during the deposition.  The deponent must notify the noticing party at
4 least 5 business days in advance of the remote deposition of his or her intention to
5 have a Participant who will be visible or audible to the deponent during the
6 remote deposition in order to enable the noticing party to provide a second video
7 camera for that individual.  Subject to the other provisions of this Order regarding
8 the attendance of Participants at the remote deposition, in the absence of such
9 notice, and absent alternative means for the individual visible or audible to the
10 deponent to be recorded on video during the deposition, that Participant will be
11 barred from being visible or audible to the deponent during the remote deposition.

8. **Errata**

   A. Pursuant to Federal Rule of Civil Procedures 30(e), a deponent has thirty (30) days following his or her receipt of the transcript to provide the court reporter with an errata sheet listing corrections to the transcript and/or sign the transcript.

9. **Use of Testimony**

   A. Any remote depositions conducted pursuant to and during the pendency of this Order may be admitted at trial with the same effect as one recorded in-person, subject to same rules and limitations of evidence that govern any deposition.

10. **Modification by Agreement**

    A. The requirements of this Order may by modified with respect to an individual deposition upon written agreement of all parties.

11. **Reservation of Rights**

    A. Any party shall be entitled to oppose any procedure adopted for a remote deposition insofar as it contends that protections provided herein, or their implementation in a particular situation, are insufficient under the circumstances. Any party wishing to state such an objection shall give timely notice to other

parties, who shall meet and confer about the objection and potential means of addressing it.  Nothing in this Order limits a Participant's ability to seek judicial assistance, either before or during a deposition.

IT IS SO STIPULATED.

Dated: September 1, 2020        **O'MELVENY & MYERS, LLP**

By: /s/ Carlos M. Lazatin
Carlos M. Lazatin

Richard B. Goetz (State Bar No. 115666)
Carlos M. Lazatin (State Bar No. 229650)
400 South Hope Street
Los Angeles, California 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
E-Mail:  rgoetz@omm.com
           clazatin@omm.com

*Attorneys for Defendants*

Dated: September 1, 2020        **BURSOR & FISHER, P.A.**

By: /s/ Frederick J. Klorczyk III (as authorized on 9/1/20)
Frederick J. Klorczyk III

Neal J. Deckant (State Bar No. 322946)
Frederick J. Klorczyk III (State Bar No. 320783)
1990 North California Boulevard, Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ndeckant@bursor.com
           fklorczyk@bursor.com

*Attorneys for Plaintiff*

| | |
|---|---|
| 1 | **ORDER** |
| 2 | Pursuant to the parties' stipulation, IT IS SO ORDERED. |
| 3 | DATED: September 2, 2020 /s/ DEBORAH BARNES |
| 4 | UNITED STATES MAGISTRATE JUDGE |

STIPULATION AND ORDER
ESTABLISHING REMOTE DEPOSITION PROTOCOL
Case No. 2:15-cv-01733-MCE-DB