**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Neal J. Deckant (State Bar No. 322946)
Brittany S. Scott (State Bar No. 327132)
1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail: ltfisher@bursor.com
         ndeckant@bursor.com
         bscott@bursor.com

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (admitted *pro hac vice*)
Frederick J. Klorczyk III (State Bar No. 320783)
888 Seventh Avenue, Third Floor
New York, NY  10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
E-Mail: jmarchese@bursor.com
         fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
701 Brickell Avenue, Suite 1420
Miami, FL 331331
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
E-Mail: scott@bursor.com

*Class Counsel*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOANN MARTINELLI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>JOHNSON & JOHNSON and McNEIL NUTRITIONALS, LLC,<br><br>Defendants. | Case No.  2:15-cv-01733-MCE-DB<br><br>**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**<br><br>Hon. Morrison C. England, Jr. |

WHEREAS, Class Representative JoAnn Martinelli and Defendants Johnson & Johnson and McNeil Nutritionals, LLC have reached a proposed settlement and compromise of the claims in the above-captioned matter, which is embodied in the Stipulation of Settlement that has been provided to the Court;

WHEREAS, the parties have applied to the Court for preliminary approval of the proposed Settlement; and

WHEREAS, the capitalized terms herein shall have the same meaning as in the Stipulation of Settlement;

NOW, THEREFORE, the Court, having read and considered the Stipulation of Settlement and accompanying documents, as well as the Motion for Preliminary Approval of Settlement and supporting papers, and the parties to the Stipulation of Settlement having consented to the entry of this order, and good cause appearing,

IT IS HEREBY ORDERED AS FOLLOWS:

1. Subject to further consideration by the Court at the time of the Final Approval Hearing, the Court preliminarily approves the Settlement as fair, reasonable, and adequate to the Settlement Class, as falling within the range of possible final approval, and as meriting submission to the Settlement Class for its consideration.

2. The settlement set forth in the parties' Stipulation of Settlement is within the range of reasonableness and possible final approval in that it appears fair, reasonable, and adequate. The agreement contained in that Stipulation of Settlement was reached as a result of extensive arm's-length negotiations between the Parties and their counsel with the assistance of an experienced mediator. This included three separate mediation sessions before the Stipulation of Settlement was reached. Additionally, before entering into the Stipulation of Settlement, this Action had been vigorously litigated for more than five years. Thus, the Parties and their counsel had sufficient information to evaluate the strengths and weaknesses of the case and to conduct informed settlement discussions.

3.  For purposes of the Settlement only, the Court certifies the Settlement Class, which consists of all individuals who purchased Benecol Regular Spreads and Benecol Light Spreads in the United States from January 1, 2008 to December 31, 2011 for personal use.

4.  The requirements for certification of the Settlement Class under Fed. R. Civ. P. 23(a), and (b)(3) have been satisfied for settlement purposes. The Court finds, for settlement purposes only, that: (a) the Settlement Class is defined by objective criteria and ascertainable; (b) the numerosity requirement is satisfied; (c) there are questions of law and fact that are common to the Settlement Class, and those questions of law and fact common to the Settlement Class predominate over any questions affecting any individual Settlement Class Member; (d) the claims of the Plaintiff are typical of the claims of the Settlement Class she seeks to represent for purposes of settlement; (e) a class action is superior to other available means of adjudicating this dispute; (f) and Plaintiff and Class Counsel are adequate representatives of the Class. The Court has also conducted the choice of law analysis required by *In re Hyundai and Kia Fuel Economy Litigation*, 881 F.3d 679 (9th Cir. 2018) and determined that it can certify a nationwide class under California law and that California has a substantial interest in regulating the conduct of companies who do business in California.

5.  The Court provisionally appoints JoAnn Martinelli as the Class Representative of the Settlement Class.

6.  The Court appoints Scott A. Bursor and Bursor & Fisher, P.A., as Class Counsel for purposes of this Settlement.

7.  A Final Approval Hearing shall be held before this Court at 2:00 p.m. on March 24, 2021 in Courtroom 7, on the 14th floor, of the Robert T. Matsui United States Courthouse, 501 I Street, Sacramento, CA 95814, to address: (a) whether the proposed Settlement should be finally approved as fair, reasonable and adequate; (b) whether the Final Approval Order and Judgment should be entered; (c) whether the application for approval of the payment of attorneys' fees to Class Counsel from the Settlement Fund should be approved; (d) whether Class Counsel's application for reimbursement of costs and expenses and the payment of incentive awards to the

1   Class Representative from the Settlement Fund should be approved; and (e) any other matters that
2   the Court deems appropriate.

3         8.     Since the settlement set forth in the parties' Stipulation of Settlement is within the
4   range of reasonableness for possible Final Approval, Class Notice should be provided to the
5   Settlement Class pursuant to the Stipulation of Settlement, as follows:

6           a.     The Court appoints JND, a well-qualified and experienced claims and notice
7   administrator, as the Settlement Administrator.  Defendants are directed to provide JND with
8   contact information in its possession that identifies Class Members or likely Class Members.
9   Defendants shall provide this information, and JND shall retain this information, for the sole
10  purpose of effecting Class Notice as provided in the Stipulation of Settlement and this Order.

11          b.     The Court hereby approves the Long-Form Notice attached as Exhibit B to
12  the Settlement Agreement.  On or before thirty (30) days after the entry of an order granting
13  preliminary approval, Class Counsel shall cause a copy of the Long Form Notice to be posted on a
14  dedicated website together with links to important case documents, such as the Preliminary
15  Approval Order, this Stipulation of Settlement, the First Amended Class Action Complaint, and
16  Defendants' Answer to First Amended Class Action Complaint.

17          c.     Class Counsel shall register www.benecolsettlement.com for notice
18  purposes, along with several additional domains that will mirror and/or link to that website.  Class
19  members will be directed to the website by hyperlinks embedded in the email version of the Short
20  Form Notice.  The www.benecolsettlement.com website will allow Class Members to submit
21  Claim Forms online and will contain information relevant to Class Members, including but not
22  limited to the Long Form Notice, all applicable deadlines, the Stipulation of Settlement, Class
23  Notice, a downloadable Claim Form, all papers filed by the parties in support of the proposed
24  Settlement (including Plaintiff's anticipated motion for a Fee and Expense Award), orders of the
25  Court pertaining to the Stipulation of Settlement, and contact information for the Settlement
26  Administrator, including a toll-free telephone number, e-mail, and U.S. mail.

27          d.     The Court hereby approves the Short Form Notice attached as Exhibit F to
28  the Settlement Agreement.  On or before thirty (30) days after the entry of an order granting

preliminary approval, the Settlement Administrator shall cause a copy of the Short Form notice to be sent by email to all class members for whom email addresses are identified.

   e. The Settlement Administrator shall undertake Publication Notice, which means publication of the Short Form Notice in accordance with the Media Plan attached as Exhibit C to the Settlement Agreement.

   f. The Publication Notice shall run from thirty (30) days after the entry of an order granting preliminary approval to one hundred and fifty (150) days after the entry of an order granting preliminary approval.

   g. The Court approves the Class Notice and Claims forms, including the Long Form Notice, the Short Form Notice, and the Claim Form, attached as Exhibit A to the Settlement Agreement.

   h. The Court determines that the Class Notice, as set forth in the parties' Stipulation of Settlement, complies with all legal requirements, including but not limited to the Due Process Clause of the United States Constitution. Thus, the Court directs that Class Notice shall be given to the Class as provided herein and in Section IV of the parties' Stipulation of Settlement.

 9. Settlement Class Members will have until the Claim Deadline, one hundred and twenty (120) days after the start of Publication Notice, to submit a Claim Form.

 10. If a Settlement Class Member wishes to exclude himself or herself from the Settlement, that Settlement Class Member will have until the Opt-Out Date, ninety (90) days after the start of Publication Notice, to submit a valid Request for Exclusion in the manner set forth in Article 5.3 of the Stipulation of Settlement. All Settlement Class Members who do not timely submit a valid Request for Exclusion will be bound by the Final Order and Final Judgment, and enjoined from bringing or prosecuting any action relating to the Released Claims.

 11. At least seven (7) calendar days prior to the Fairness Hearing, Class Counsel shall prepare or cause the Settlement Administrator to prepare a list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class, and Class Counsel shall file that list with the Court.

12. The deadline for the Plaintiffs to file and serve papers in support of their application for final approval of the Stipulation of Settlement, as well as Class Counsel's motion for fees, costs, and incentive awards, shall be fourteen (14) days before the Objection deadline.

13. Any objections by any Settlement Class Member to the certification of the Settlement Class, the approval of the proposed settlement set forth in the parties' Stipulation of Settlement, or the award of attorneys' fees, costs, and incentive awards, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, on or before the Objection deadline, on ninety (90) days after the start of Publication Notice, such objector files with the Court a written objection and notice of the objector's intention to appear, and otherwise complies with the requirements set forth in Article V of the Stipulation of Settlement.

14. The deadline for the parties to file and serve any response to any timely objections shall be on fourteen (14) days after the Objection deadline.

15. The parties shall, pursuant to the terms and conditions of the Stipulation of Settlement, take all necessary and appropriate steps to execute the terms and conditions of the Stipulation of Settlement and this Preliminary Approval Order.

16. Pending the Fairness Hearing, all proceedings, other than the proceedings necessary to carry out or enforce the terms and conditions of the Stipulation of Settlement and the Preliminary Approval order in the Action are stayed, and Class Members are enjoined from bringing or prosecuting any action relating to the Released Claims or from receiving benefits from any action based on the Released Claims.

17. The dates for each of the deadlines issued in this order are summarized below:

| Event | Triggering Event | Date |
| --- | --- | --- |
| Settlement Website posted | 30 days after entry of an order granting preliminary approval | |

| | | |
|---|---|---|
| Dissemination of Notice and start of Publication Notice | 30 days after entry of an order granting preliminary approval order | |
| Deadline for Class Representative to file motion in support of final settlement approval | 14 days after Objection deadline | |
| Deadline for Class Representative to file fee and expense application(s) | 14 days before Objection deadline | |
| Deadline for class members to file a claim | 120 days after the start of Publication Notice | |
| Deadline for class members to request exclusion from class | 90 days after the start of Publication Notice | |
| Deadline for class members to submit an objection | 90 days after the start of Publication Notice | |
| Deadline for Class Representative to respond to objections | 14 days after Objection deadline | |
| Final settlement approval hearing | 14 days after the submission of Class Representative response to objections; approximately 150 days after the entry of an order granting preliminary approval | |
| Website taken down | After final resolution of appeals and distribution of settlement monies | |

**18.** All Class Members and/or their representatives, who do not timely and properly exclude themselves from the Class are, pending the Court's ruling on the motion for final approval of the settlement, preliminarily barred and enjoined from directly, indirectly, derivatively, in a representative capacity, or in any other capacity, filing, commencing, prosecuting, maintaining, intervening in, participating in, conducting, or continuing any action in any forum (state or federal) as individual actions, class members, putative class members, or otherwise against the Released Persons (as that term is defined in the Settlement Agreement) in any court or tribunal asserting any

of the Released Claims (as that term is defined in the Settlement Agreement) under the terms of the Settlement Agreement, and/or from receiving benefits from any lawsuit, administrative or regulatory proceeding, or order in any jurisdiction, based on those Released Claims.  In addition, all such persons are hereby barred and enjoined from filing, commencing, or prosecuting a lawsuit against Defendants (or against any of their related parties, parents, subsidiaries, or affiliates) as a class action, a separate class, or group for purposes of pursuing a putative class action (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) on behalf of Class Members who do not timely exclude themselves from the Class, based on the Released Claims under the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court find that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over the Action.

IT IS SO ORDERED.

Dated:  September 27, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE