1  **BURSOR & FISHER, P.A.**
   L. Timothy Fisher (State Bar No. 191626)
2  Neal J. Deckant (State Bar No. 322946)
   1990 North California Boulevard, Suite 940
3  Walnut Creek, CA  94596
   Telephone: (925) 300-4455
4  Facsimile:  (925) 407-2700
   E-Mail: ltfisher@bursor.com
5          ndeckant@bursor.com

6  **BURSOR & FISHER, P.A.**
   Joseph I. Marchese (admitted *pro hac vice*)
7  Frederick J. Klorczyk III (State Bar No. 320783)
   888 Seventh Avenue
8  New York, NY  10019
   Telephone: (646) 837-7150
9  Facsimile:  (212) 989-9163
   E-Mail: jmarchese@bursor.com
10         fklorczyk@bursor.com

11 **BURSOR & FISHER, P.A.**
   Scott A. Bursor (State Bar No. 276006)
12 701 Brickell Ave., Suite 1420
   Miami, FL  33131
13 Telephone: (305) 330-5512
   Facsimile:  (305) 676-9006
14 E-Mail: scott@bursor.com

15 *Class Counsel*

16              **UNITED STATES DISTRICT COURT**

17              **EASTERN DISTRICT OF CALIFORNIA**

18
   JOANN MARTINELLI, individually and on
19 behalf of all others similarly situated,        Case No. 2:15-cv-01733-MCE-DB

20                    Plaintiff,                   **PLAINTIFF'S NOTICE OF MOTION
                                                   AND MOTION FOR AN AWARD OF
21          v.                                     ATTORNEYS' FEES,
                                                   REIMBURSEMENT OF COSTS AND
22 JOHNSON & JOHNSON and McNEIL                    EXPENSES, AND AN INCENTIVE
   NUTRITIONALS, LLC,                              AWARD; MEMORANDUM OF
23                                                 POINTS AND AUTHORITIES**
                      Defendants.
24                                                 Date:   March 24, 2022
                                                   Time:   2:00 p.m.
25                                                 Courtroom: 7, 14th Floor
                                                   Judge:  Hon. Morrison C. England, Jr.
26

27

28

---

MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS AND EXPENSES, AND INCENTIVE AWARD
CASE NO. 2:15-cv-01733-MCE-DB

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN THAT** on March 24, 2022 at 2:00 p.m., or as soon thereafter as the matter may be heard by the above-captioned Court, located at the Robert T. Matsui United States Courthouse, 501 I Street, Courtroom 7, 14th Floor, Sacramento, CA 95814, in the courtroom of the Honorable Morrison C. England, Jr., Plaintiff JoAnn Martinelli ("Plaintiff") and Class Counsel, Bursor & Fisher, P.A., will and hereby do move, pursuant to Fed. R. Civ. P. 23(h) and the Court's September 28, 2021 Order Preliminarily Approving Class Action Settlement (ECF No. 270), for an order: (1) awarding $666,666.66 in attorneys' fees, and reimbursement of costs and expenses, to Class Counsel; (2) approving the payment of an incentive award in the amount of $7,500 to Plaintiff as the Class Representative, in recognition of Plaintiff's efforts on behalf of the Settlement Class; and (3) awarding such other and further relief as the Court deems reasonable and just.

This motion is made on the grounds that an award of attorneys' fees, reimbursement of costs and expenses, and payment of an incentive award is proper, given that the Parties have agreed that Class Counsel may make such applications in the Settlement Agreement, the work of Class Counsel has conferred substantial benefits to the Class, and such awards are permitted under the laws of this Circuit.

This Motion is based on the attached Memorandum of Points and Authorities, the accompanying Declaration of Neal J. Deckant and the exhibits attached thereto, including the Parties' Stipulation of Class Action Settlement and Release (the "Settlement" or "Settlement Agreement"); the [Proposed] Final Approval Order submitted herewith; the pleadings and papers on file in this Action; and any other such evidence and argument as may subsequently be presented to the Court.

1

Dated: January 12, 2022                          Respectfully submitted,

2

**BURSOR & FISHER, P.A.**

3

By:      */s/ Neal J. Deckant*

4

L. Timothy Fisher (State Bar No. 191626)

5

Neal J. Deckant (State Bar No. 322946)
1990 North California Boulevard, Suite 940

6

Walnut Creek, CA  94596
Telephone: (925) 300-4455

7

Facsimile:  (925) 407-2700
E-Mail: ltfisher@bursor.com

8

            ndeckant@bursor.com

9

**BURSOR & FISHER, P.A.**
Joseph I. Marchese (admitted *pro hac vice*)

10

Frederick J. Klorczyk III (State Bar No. 320783)
888 Seventh Avenue

11

New York, NY  10019
Telephone: (646) 837-7150

12

Facsimile:  (212) 989-9163
E-Mail: jmarchese@bursor.com

13

            fklorczyk@bursor.com

14

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)

15

701 Brickell Ave., Suite 1420
Miami, FL  33131

16

Telephone: (305) 330-5512
Facsimile:  (305) 676-9006

17

E-Mail: scott@bursor.com

18

*Class Counsel*

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**PAGE(S)**

I.   INTRODUCTION ...................................................................................................1

II.  BACKGROUND AND PROCEDURAL HISTORY ..........................................2

    A.   Litigation ...............................................................................................2

    B.   Discovery ...............................................................................................4

    C.   Settlement ..............................................................................................4

III. SUMMARY OF THE SETTLEMENT ...............................................................4

IV.  CLASS COUNSEL'S REQUESTED ATTORNEYS' FEES AWARD IS
    FAIR AND REASONABLE AND SHOULD BE APPROVED ..........................5

    A.   Class Counsel's Fee Request Is Reasonable Under The Percentage
        Of The Benefit Method ...........................................................................5

        1.   Class Counsel Achieved Extraordinary Results For The Class....................7

        2.   Plaintiff's Claims Carried Substantial Risk.....................................7

        3.   Class Counsel Provided Exceptional Work In A Complex
            Case .................................................................................................8

        4.   Market Rates As Reflected By Awards In Similar Cases
            Support Class Counsel's Fee Request ..............................................9

        5.   Class Counsel Undertook This Case On A Contingent Basis
            And Incurred A Substantial Financial Burden ...............................10

    B.   The Requested Attorneys' Fees Are Also Reasonable Under A
        Lodestar Cross-Check ..........................................................................11

        1.   Class Counsel Spent A Reasonable Number Of Hours On
            This Litigation At A Reasonable Hourly Rate ...............................12

        2.   Class Counsel's Requested Attorneys' Fees Represent A
            Reduction Of Their Lodestar (A "Haircut")..................................13

V.   THE REQUESTED INCENTIVE AWARD FOR PLAINTIFF
    MARTINELLI  IS FAIR AND REASONABLE ................................................14

VI.  CONCLUSION .................................................................................................15

# TABLE OF AUTHORITIES

**PAGE(S)**

**CASES**

*Alvarez v. Farmers Ins. Exch.*,
  2017 WL 2214585 ................................................................................................ 5

*Barbosa v. Cargill Meat Solutions Corp.*,
  297 F.R.D. 431 (E.D. Cal. 2013) ................................................................. 8, 11, 12

*Bond v. Ferguson Enterprises, Inc.*,
  2011 WL 2648879 (E.D. Cal. June 30, 2011) ............................................... 15

*Dakota Med., Inc. v. RehabCare Grp., Inc.*,
  2017 WL 4180497 (E.D. Cal. Sept. 21, 2017) ............................................. 9

*Edwards v. National Milk Producers Federation*,
  2017 WL 3616638 (N.D. Cal. June 26, 2017) .............................................. 6

*Fischel v. Equitable Life Assur. Soc'y of U.S.*,
  307 F.3d 997 (9th Cir. 2002) ................................................................... 5, 13

*Garcia v. Gordon Trucking, Inc.*,
  2012 WL 5364575 (E.D. Cal. Oct. 31, 2012) .............................................. 15

*Garcia v. Schlumberger Lift*,
  2020 WL 6886383 (E.D. Cal. Nov. 24, 2020) ............................................. 9

*Graham v. DaimlerChrysler Corp.*,
  34 Cal. 4th 553 (2004) ............................................................................... 10

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ................................................................... 5

*Harris v. Vector Mktg. Corp.*,
  2012 WL 381202 (N.D. Cal. Feb. 6, 2012) ................................................ 15

*Hartless v. Clorox Co.*,
  273 F.R.D. 630 (S.D. Cal. 2011) ............................................................ 6, 12

*Hensley v. Eckerhart*,
  461 U.S. 424 (1983) .................................................................................. 13

*Hilsley v. Ocean Spray Cranberries, Inc.*,
  2020 WL 520616 (S.D. Cal. Jan. 31, 2020) ................................................ 7

*In re Amgen Inc. Sec. Litig.*,
  2016 WL 10571773 (C.D. Cal. Oct. 25, 2016) .......................................................... 12

*In re Anthem, Inc. Data Breach Litig.*,
  2018 WL 3960068 (N.D. Cal. Aug. 17, 2018) ...................................................... 7, 12

*In re Equity Funding Corp. Sec. Litig.*,
  438 F. Supp. 1303 (C.D. Cal. 1977) .......................................................................... 8

*In re Heritage Bond Litigation*,
  2005 WL 1594403 (C.D. Cal. June 10, 2005) .......................................................... 10

*In re High-Tech Employee Antitrust Litig.*,
  2015 WL 5158730 (N.D. Cal. Sept. 2, 2015) .......................................................... 12

*In re HPL Techs., Inc. Sec. Litig.*,
  366 F. Supp. 2d 912 (N.D. Cal. 2005) ...................................................................... 12

*In re Omnivision Techs., Inc.*,
  559 F. Supp. 2d 1036 (N.D. Cal. 2008) .................................................................. 8, 9

*In re Sumitomo Copper Litig.*,
  74 F.Supp.2d 393 (S.D.N.Y.1999) .......................................................................... 11

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*,
  19 F.3d 1291 (9th Cir.1994) .................................................................................... 10

*Kerr v. Screen Extras Guild, Inc.*,
  526 F. 2d 70 (9th Cir. 1975) .................................................................................... 13

*Knight v. Red Door Salons, Inc.*,
  2009 WL 248367 (N.D. Cal. Feb. 2, 2009) ................................................................ 6

*Lealao v. Beneficial California, Inc*,
  82 Cal. App. 4th 19 (2000) ........................................................................................ 6

*Martin v. AmeriPride Servs., Inc.*,
  2011 WL 2313604 (S.D. Cal. June 9, 2011) .............................................................. 9

*Martinelli v. Johnson & Johnson*,
  2019 WL 1429653 (E.D. Cal. Mar. 29, 2019) ....................................................... 1, 7

*McKeen-Chaplin v. Provident Savings Bank, FSB*,
  2018 WL 3474472 (E.D. Cal. July 19, 2018) .......................................................... 10

*Morales v. City of San Rafael*,
  96 F.3d 359 (9th Cir. 1996) ...................................................................................... 13

*Nitsch v. DreamWorks Animation SKG Inc.*,
  2017 WL 2423161 (N.D. Cal. June 5, 2017) ................................................................ 12

*Paul, Johnson, Alston & Hunt v. Graulty*,
  886 F.2d 268 (9th Cir. 1989) .............................................................................................. 6

*Peel v. Brooksamerica Mortgage Corp.*,
  2015 WL 12745788 (C.D. Cal. Apr. 6, 2015) ....................................................... 7, 10

*Perez v. Rash Curtis & Associates*,
  2020 WL 1904533 (N.D. Cal. Apr. 17, 2020) ............................................................ 13

*Rabin v. PricewaterhouseCoopers LLP*,
  2021 WL 837626 (N.D. Cal. Feb. 4, 2021) ............................................................. 2, 13

*Rodriguez v. W. Publ'g Corp.*,
  563 F.3d 948 (9th Cir. 2009) ............................................................................................ 14

*Schiller v. David's Bridal, Inc.*,
  2012 WL 2117001 (E.D. Cal. June 11, 2012) ........................................................... 13

*Seguin v. County of Tulare*,
  2018 WL 1919823 (E.D. Cal. Apr. 24, 2018) ............................................................ 13

*Singer v. Becton Dickinson & Co.*,
  2010 WL 2196104 (S.D. Cal. June 1, 2010) ................................................................ 9

*Staton v. Boeing Co.*,
  327 F.3d 938 (9th Cir. 2003) .............................................................................................. 6

*Turk v. Gale/Triangle, Inc.*,
  2017 WL 4181088 (E.D. Cal. Sept. 21, 2017) ........................................................... 15

*Van Lith v. iHeartMedia + Entertainment, Inc.*,
  2017 WL 4340337 (E.D. Cal. Sept. 29, 2017) ............................................................. 5

*Van Vranken v. Atl. Richfield Co.*,
  901 F. Supp. 294 (N.D. Cal. 1995) ............................................................................... 14

*Vandervort v. Balboa Capital Corp.*,
  8 F. Supp. 3d 1200 (C.D. Cal. 2014) .............................................................................. 9

*Vasquez v. Coast Valley Roofing, Inc.*,
  266 F.R.D. 482 (E.D. Cal. 2010) ............................................................................... 6, 10

*Vizcaino v. Microsoft Corp.*,
  290 F.3d 1043 (9th Cir. 2002) ................................................................... 5, 6, 7, 11

*Wallace v. CountryWide Home Loans, Inc.*,
  2015 WL 13284517 (C.D. Cal. Apr. 17, 2015)...................................................... 7, 9

*Williams v. MGM-Pathe Commc'ns Co.*,
  129 F.3d 1026 (9th Cir. 1997).............................................................................. 6

*Wing v. Asarco Inc.*,
  114 F.3d 986 (9th Cir. 1997)................................................................................ 8

*Young v. Polo Retail, LLC*,
  2007 WL 951821 (N.D. Cal. Mar. 28, 2007) ....................................................... 6

*Zakskorn v. American Honda Motor Co.*,
  2015 WL 3622990 (E.D. Cal. June 9, 2015) ...................................................... 13

**STATUTES**

Cal. Civ. Code § 1750 ............................................................................................ 3

Cal. Bus. and Prof. Code § 17200 .......................................................................... 3

Cal. Bus. and Prof. Code § 17500 .......................................................................... 3

**RULES**

Fed. R. Civ. P. 23(h).......................................................................................... 1, 5

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff JoAnn Martinelli (the "Class Representative" or "Plaintiff"), by and through her Court-appointed counsel, Bursor & Fisher, P.A. ("Class Counsel"), respectfully submits this memorandum of points and authorities in support of Plaintiff's Motion for an Award of Attorneys' Fees, Costs and Expenses, and an Incentive Award.

## I.    INTRODUCTION

After six years of contentious litigation, Plaintiff and Class Counsel have achieved an outstanding result for Class Members.  The relief provided by the Settlement—full refunds for purchasers of Benecol Spreads—exceeds the "price premium" theory of damages that Plaintiff sought during the litigation, corresponding to approximately $1.00 per tub of Benecol Spreads. Declaration of Neal J. Deckant (the "1/12/22 Deckant Decl.") ¶ 15.  However, obtaining this exceptional relief came with significant risks.  *See id.* ¶¶ 17-19, 33-34.  Plaintiff and Class Counsel have litigated this case for six years, including winning a hotly contested motion for class certification.  *See generally Martinelli v. Johnson & Johnson*, 2019 WL 1429653 (E.D. Cal. Mar. 29, 2019).  After this hard-fought victory, Defendants moved to either decertify or substantially modify the class.  ECF Nos. 227, 247.  While Class Counsel were confident they would prevail, these motions—drafted by highly experienced defense counsel—posed a risk that a large swath of the Class, if not the entirety of the Class, would receive no relief at all.  1/12/22 Deckant Decl. ¶¶ 17-19.  Further, even if Plaintiff prevailed on these motions, relief to Class Members would still be delayed until after trial and any appeals were resolved (which would present further risks).  *Id.* ¶ 17.  To avert these significant risks, Class Counsel renewed settlement negotiations with Defendants and ultimately achieved meaningful, immediate relief for Class Members with the assistance of a well-respected mediator, the Honorable (Ret.) Wayne Andersen, following a series of three mediations in total.  *Id.* ¶ 14.

In light of the exceptional relief obtained by the Parties, Class Counsel respectfully requests, pursuant to Federal Rule of Civil Procedure 23(h), that the Court approve attorneys' fees, and reimbursement of costs and expenses, in the amount of 33 ⅓% of the settlement fund, or $666,666.66.  This method of calculating the fee award, based on a percentage of the Settlement

Fund, is straightforward, is fair under the circumstances, and is supported by the laws of this Circuit. *See* Section IV(B)(2), *infra*. Cross-checking this percentage fee against the Class Counsel's lodestar validates the reasonableness of Class Counsel's fee request. As of January 12, 2022, Class Counsel had worked 2,901.1 hours on this case for a total lodestar fee, at current billing rates, of $1,944,263.50. 1/12/22 Deckant Decl. ¶ 25; *see also id.* Ex. 3 (Bursor & Fisher's detailed billing diaries for this case). Class Counsel's blended hourly rate of $670.18 is well within the bounds of reasonable hourly rates in this district. *Id.* ¶¶ 29-32; *see also* Section IV.B.1, *infra* (discussing hourly rates approved in other cases in this district). A fee award of 33 ⅓%, or $666,666.66, would represent a *negative* multiplier of 0.34 over Class Counsel's base lodestar fee (*see* 1/12/22 Deckant Decl. ¶ 25) and is thus presumptively reasonable. *Rabin v. PricewaterhouseCoopers LLP*, 2021 WL 837626, at *8 (N.D. Cal. Feb. 4, 2021) ("Plaintiffs request a negative 0.6x multiplier, which supports the request for a greater-than-average common fund percentage award."). In other words, Class Counsel are taking a significant "haircut," but they are prepared to do so, as the present Settlement is in the best interests of the Class.

In addition, Class Counsel requests that the Court award Plaintiff Martinelli an incentive award in the amount of $7,500 to account for the significant time and effort she invested in this case on behalf of the Class over the last six years.

Class Counsel respectfully request that the Court grant this motion in full and award them $666,666.66 in attorneys' fees, reimbursement of costs and expenses, and an incentive award for Plaintiff Martinelli in the amount of $7,500.

## II.     BACKGROUND AND PROCEDURAL HISTORY

### A.     Litigation

This case was hotly litigated for more than six years. This matter was originally commenced on August 14, 2015, when Plaintiff filed her complaint, alleging that Defendants deceived consumers by falsely representing that the Benecol Spreads purported contained "No Trans Fat," and that consumers accordingly paid a price premium based on these misrepresentations. ECF. No. 1. Plaintiff asserted claims for breach of express warranty, breach of the implied warranty of merchantability, unjust enrichment, violation of California's Consumers

Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200, *et seq.*, violation of California's False Advertising Law ("FAL"), California Business and Professions Code § 17500, *et seq.*, negligent misrepresentation, and fraud. *Id.* On October 16, 2015, Plaintiff filed the FAC, asserting the same claims. ECF No. 9. Defendants answered the FAC on October 30, 2015, denying liability. ECF No. 11.

On April 28, 2018, Plaintiff filed a Motion for Class Certification. ECF Nos. 171, 182. Defendants opposed Plaintiff's Motion. ECF Nos. 175. The Parties also filed motions to exclude expert testimony and other evidence. ECF Nos. 176, 183, 184, 193, 195, 204. On March 29, 2019, the Court granted Plaintiff's motion for class certification and certified two classes: (1) the "Multi-State Express Warranty Class," consisting of all Benecol purchasers between January 1, 2008 and December 31, 2011 in California, and all Benecol purchasers between August 24, 2011 and December 31, 2011 in Delaware, D.C., Kansas, Missouri, New Jersey, Ohio, Utah, Virginia, and West Virginia; and (2) the "California Class," consisting of all Benecol purchasers between January 1, 2008 and December 31, 2011 in California. ECF No. 216.

On March 20, 2020, Plaintiff filed a Motion for Entry of the Proposed Notice Plan. ECF No. 221, 229. Defendants opposed this motion. ECF No. 226. Defendants also filed a Motion to Modify the Class Definition on April 2, 2020, which Plaintiff opposed. ECF Nos. 227, 230, 232. These motions are currently pending. The Parties also engaged in merits discovery.

On October 15, 2020, Defendants filed a Motion to Decertify the Classes. ECF No. 247. Plaintiff has not yet filed an opposition to this motion.

On October 27, 2020, the Parties filed a Stipulation and Proposed Order requesting that the Court stay the Action so that the Parties could engage in settlement negotiations. ECF No. 254. On November 6, 2020, the Court granted the stipulation. ECF No. 255. The Parties have continually kept the Court updated on their settlement negotiations by filing a joint status report every sixty days. ECF No. 260.

On August 10, 2021, Plaintiff filed her Motion for Preliminary Approval of the Class Action Settlement.  ECF No. 265.  The Court preliminarily approved the Settlement on September 28, 2021.  ECF No. 270.

**B.      Discovery**

Over the six years that this case was litigated, the Parties engaged in extensive fact and expert discovery.  1/12/22 Deckant Decl. ¶ 6.  They exchanged multiple rounds of written discovery requests and responses.  *Id.*  Class Counsel reviewed thousands of pages of documents, took numerous depositions of Defendants' key employees and experts, and proffered several expert reports, as well as defending Class Counsel's experts' depositions.  *Id*.  Both Plaintiff Martinelli and her husband also sat for depositions, which Class Counsel defended.  *Id.*

**C.      Settlement**

Substantial, arm's-length settlement negotiations have occurred between the Parties, spanning several years.  The Parties engaged in three full rounds of mediation before the Settlement was reached.  1/12/22 Deckant Decl. ¶ 14.  In 2017, the Parties participated in their first mediation with Judge Garrett E. Brown, Jr. (Ret.) at JAMS.  That mediation did not result in a resolution.  *Id.*  Then, on July 6, 2018, the Parties engaged in their second mediation with Judge Wayne R. Andersen (Ret.) at JAMS.  This mediation also failed to result in a resolution.  *Id.*  On November 16, 2020, the Parties attended an additional mediation with Judge Wayne R. Andersen (Ret.) at JAMS.  *Id*.  Although the Parties did not reach a settlement that day, the Parties continued settlement negotiations for several months thereafter with the assistance of Judge Andersen.  *Id.*  The Parties' post-mediation negotiations with Judge Andersen resulted in the present Settlement.  *Id*.

**III.      SUMMARY OF THE SETTLEMENT**

Under the terms of the Settlement, Defendants have agreed to "make available a total Claim Fund of up to two million dollars ($2,000,000) for payment of Valid Claims, attorneys' fees and expenses, administration costs, and the Incentive Award."  Settlement § 2.1.  From the Claim Fund,

purchasers of the Benecol Spreads may recoup the full purchase price[1] of several tubs of the Benecol Spreads.  *Id.* § 2.1.2.  "[I]f the total value of all Valid Claims exceeds the $2 million Claim Fund after reduction of the Claim Fund by the payment of attorneys' fees and expenses, administration costs, and the Incentive Award," payments will be subject to *pro rata* reduction.  *Id.* § 2.1.2.3.

## IV.   CLASS COUNSEL'S REQUESTED ATTORNEYS' FEES AWARD IS FAIR AND REASONABLE AND SHOULD BE APPROVED

Class Counsel seeks an award of attorneys' fees, and reimbursement of costs and expenses, in the amount of $666,666.66, which is 33 ⅓% percent of the $2 million Settlement.

Under Federal Rule of Civil Procedure 23(h), courts may award "reasonable attorney's fees and nontaxable costs that are authorized by law or the parties' agreement."  Fed. R. Civ. P. 23(h). In determining a reasonable fee award, courts in the Ninth Circuit apply one of two fee calculation methods:  the "percentage of the fund" method or the "lodestar" method.  *See Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).  Typically, courts apply the "percentage-of-the-benefit" method in common fund cases.  *See*, *e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Van Lith v. iHeartMedia + Entertainment, Inc.*, 2017 WL 4340337, at *15 (E.D. Cal. Sept. 29, 2017).  In any case, Class Counsel's fee and expense request is fair and reasonable under either of these methods and should be approved in full.

### A.   Class Counsel's Fee Request Is Reasonable Under The Percentage Of The Benefit Method

"Under the percentage-of-the-fund method, the court compares the fee recovery against the total settlement value."  *See Alvarez v. Farmers Ins. Exch.*, 2017 WL 2214585, at *2 (N.D. Cal. Jan. 18, 2017.  To calculate attorneys' fees based on the percentage of the benefit, Ninth Circuit precedent requires courts to award class counsel fees based on the total benefits being made available rather than the amount actually paid out.  *Young v. Polo Retail, LLC*, 2007 WL 951821, at

---

[1] Specifically, Settlement Class Members with a Proof of Purchase "shall be entitled to a full monetary refund of the amount(s) shown on the Proof of Purchase, for as many units of the Benecol Spreads as he or she has a Proof of Purchase."  Settlement § 2.1.2.1.  Settlement Class Members without a Proof of Purchase will be entitled to $5 per unit of Benecol Spreads, with a cap of four units per Settlement Class Member.  *Id.* § 2.1.2.2.

1    *8 (N.D. Cal. Mar. 28, 2007) ("The Ninth Circuit, however, bars consideration of the class's actual

2    recovery in assessing the fee award"); *Williams v. MGM-Pathe Commc'ns Co.*, 129 F.3d 1026,

3    1027 (9th Cir. 1997) (ruling that a district court abused its discretion in basing attorney fee award

4    on actual distribution to class instead of amount being made available).  The Court must also

5    include the value of the benefits conferred to the Class, including any attorneys' fees, expenses,

6    and notice and claims administration payments to be made.  *See, e.g.*, *Staton v. Boeing Co.*, 327

7    F.3d 938, 972-74 (9th Cir. 2003); *Hartless v. Clorox Co.*, 273 F.R.D. 630, 645 (S.D. Cal. 2011),

8    *aff'd*, 473 F. App'x. 716 (9th Cir. 2012).  Stated otherwise, California courts include the requested

9    attorneys' fees when calculating the total value of the settlement fund.  *Lealao v. Beneficial*

10   *California, Inc*, 82 Cal. App. 4th 19, 33 (2000).

11          "The typical range of acceptable attorneys' fees in the Ninth Circuit is 20% to 33 ⅓% of the

12   total settlement value, with 25% considered the benchmark."  *Edwards v. National Milk Producers*

13   *Federation*, 2017 WL 3616638, at *8 (N.D. Cal. June 26, 2017).  The 25% benchmark, however, is

14   merely a starting point for the analysis, and a district court may adjust the fee award based on the

15   circumstances in the record.  *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272-73 (9th

16   Cir. 1989) (explaining that the benchmark should be "adjusted upward or downward" based on the

17   unique circumstances of the case).  The exact percentage varies depending on the facts of the case,

18   and in "most common fund cases, the award exceeds that benchmark."  *Vasquez v. Coast Valley*

19   *Roofing, Inc.*, 266 F.R.D. 482, 491 (E.D. Cal. 2010) (quoting *Knight v. Red Door Salons, Inc.*,

20   2009 WL 248367, at *6 (N.D. Cal. Feb. 2, 2009)).

21          The Ninth Circuit has identified a number of factors that may be relevant in determining if

22   a fee award is reasonable:  (i) the results achieved; (ii) the risk of litigation; (iii) the skill required

23   and the quality of work; (iv) market rates as reflected by awards made in similar cases; and (v) the

24   contingent nature of the fee and the financial burden carried by the plaintiffs.  *Vizcaino*, 290 F.3d at

25   1048-50.  Here, each of these factors definitively supports Class Counsel's fee request because

26   Class Counsel's outstanding work secured remarkable results for the Settlement Class in the face of

27   substantial risks to any recovery.

28

### 1.    Class Counsel Achieved Extraordinary Results For The Class

[T]he overall result and benefit to the Class … has been called the most critical factor in granting a fee award." *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3960068, at *9 (N.D. Cal. Aug. 17, 2018) (internal quotations omitted).  Here, an upward adjustment to the 25% benchmark is justified because Class Counsel "achieved exceptional results for the class." *Vizcaino*, 290 F.3d at 1048.  Specifically, the Settlement establishes a $2 million Claim Fund from which purchasers of the Benecol Spreads in the entire United States may recoup the full purchase price of several tubs of the Benecol Spreads.  Settlement § 2.1.2.  By contrast, Plaintiff's damages theory at class certification was based on a "price premium" theory account of the allegedly false "No Trans Fat" claim, in the amount of approximately $1.00 per tub of Benecol Spreads.  *Martinelli*, 2019 WL 1429653, at *3, 10.  Accordingly, the Settlement provides *more* relief to *more* purchasers than would have been available after trial.  *Hilsley v. Ocean Spray Cranberries, Inc.*, 2020 WL 520616, at *6 (S.D. Cal. Jan. 31, 2020) ("[D]amages would be limited to a fraction of total sales if Plaintiffs were to prevail at trial.  Damages for the nationwide class would be based on the price premium method, which is based on the difference between the value of the Products with the 'No Artificial Flavors' statement and the actual value received.").  And, Class Members will receive the relief now, rather than waiting years and enduring the risks of motion practice, trial, and appeals.  Class Counsel's fee request of 33 ⅓% of the total value of the $2 million Settlement (or $666,666.66) is therefore reasonable in light of the extraordinary relief provided to the Class.

### 2.    Plaintiff's Claims Carried Substantial Risk

This case presented tremendous risk at every step.  Class Counsel navigated an array of challenges from Defendants and their counsel that repeatedly imperiled Plaintiff's claims and created a significant risk that the Class and Class Counsel would recover nothing.  Indeed, Defendants have moved to both modify or decertify the Class (ECF Nos. 227, 247), both of which pose a risk that most or all "class members could receive no recovery."  *Wallace v. CountryWide Home Loans, Inc.*, 2015 WL 13284517, at *9 (C.D. Cal. Apr. 17, 2015) (award of 32.5% in attorneys' fees supported where "Defendants had challenged Plaintiffs' class claims with multiple motions for partial summary judgment and decertification"); *Peel v. Brooksamerica Mortgage*

*Corp.*, 2015 WL 12745788, at *6 (C.D. Cal. Apr. 6, 2015) (award of attorneys' fees supported where defendants "indicated that, absent the settlement, they would move for decertification"). And even if Plaintiff and Class Counsel had prevailed on these motions, they still faced the daunting prospect of winning a trial verdict, and affirming any verdict on post-trial motions in this Court and on appeal later on.  1/12/22 Deckant Decl. ¶ 17.  That process would have taken years and involved tremendous risk that a hard-fought victory could be lost.  *Id.*

Further, the Court should not ignore the fact that Defendants are represented by highly skilled and well-paid lawyers from O'Melveny & Myers LLP.  These lawyers vigorously represented their client, challenged Plaintiff's claims, and sought to obtain a defense verdict and deprive the Class of any recovery.  *Barbosa v. Cargill Meat Solutions Corp.*, 297 F.R.D. 431, 450 (E.D. Cal. 2013) ("The quality of opposing counsel is important in evaluating the quality of Class Counsel's work."); *see also Wing v. Asarco Inc.*, 114 F.3d 986, 989 (9th Cir. 1997) (affirming fee award and noting that the court's evaluation of class counsel's work considered "the quality of opposition counsel and [defendant's] record of success in this type of litigation"); *In re Equity Funding Corp. Sec. Litig.*, 438 F. Supp. 1303, 1337 (C.D. Cal. 1977) ("Moreover, plaintiffs' attorneys in this class action have been up against established and skillful defense lawyers, and should be compensated accordingly.").

Defendants also retained an esteemed cadre of expert witnesses to support their defense. This impressive group of experts included Dr. Bruce Isaacson, Dr. Denise Martin, and Dr. Scott D. Swain.  1/12/22 Deckant Decl. ¶ 19.  These experts posed a significant risk to Plaintiff at trial because a jury may have chosen to believe their testimony over the testimony of Plaintiff's experts. *Id.*

In sum, there can be no doubt that Class Counsel faced daunting risks in this case that more than justify the fee award sought by Class Counsel.

### 3.   Class Counsel Provided Exceptional Work In A Complex Case

The prosecution of a complex, nationwide class action like this one "requires unique … skills and abilities."  *In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1047 (N.D. Cal. 2008)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(citation and quotation marks omitted).  Class Counsel more than delivered.  Through six years of litigation, Class Counsel (1) performed extensive pre-suit investigation into the Benecol Spreads and their marketing to assist with the drafting of Plaintiff's thorough complaint; (2) served multiple rounds of discovery requests on Defendants and sought discovery from third parties; (3) reviewed thousands of documents produced by Defendants, including complex scientific and statistical documents; (4) took depositions of three of Defendants' experts and several fact witnesses; (5) defended the depositions of Plaintiff Martinelli and her husband, as well as Plaintiff's expert witnesses; (6) obtained class certification; (7) participated in three mediations; and (8) negotiated this settlement and managed the dissemination of notice and the claims process. *Id.*  The work performed by Class Counsel in this case represents the highest caliber of legal work and strongly supports their requested fee award.  *Id.*; *see also Wallace*, 2015 WL 13284517, at *9 (award of attorneys' fees supported where "[c]lass counsel developed the factual and legal claims of the case, sought extensive written and deposition discovery, reviewed thousands of pages of documents, retained experts to analyze the merits of Plaintiffs' claims and the potential damages recoverable in this action, engaged in extensive motion practice, and negotiated and drafted the Settlement Agreement").

### 4. Market Rates As Reflected By Awards In Similar Cases Support Class Counsel's Fee Request

Class Counsel's fee request compares favorably to other fee requests within in California. *See*, *e.g.*, *Melgar v. Zicam LLC*, Case No. 2:14-cv-160, ECF No. 201, at ¶ 7 (E.D. Cal. Nov. 11, 2018) (England, J.) (awarding 33% of settlement fund in attorneys' fees); *Garcia v. Schlumberger Lift Sols.*, 2020 WL 6886383, at *3 (E.D. Cal. Nov. 24, 2020), *report and recommendation adopted*, 2020 WL 7364769 (E.D. Cal. Dec. 15, 2020) (awarding attorneys' fees of "33.33% of the gross settlement amount"); *Dakota Med., Inc. v. RehabCare Grp., Inc.*, 2017 WL 4180497, at *7-8, 14 (E.D. Cal. Sept. 21, 2017) (awarding 33 ⅓% in attorney's fees); *Vandervort v. Balboa Capital Corp.*, 8 F. Supp. 3d 1200, 1210 (C.D. Cal. 2014) (awarding 33 ⅓% as attorney's fees); *Martin v. AmeriPride Servs., Inc.*, 2011 WL 2313604, at *8 (S.D. Cal. June 9, 2011) (noting that "courts may award attorneys fees in the 30%-40% range in … class actions that result in recovery of a common fun[d] under $10 million"); *Singer v. Becton Dickinson & Co.*, 2010 WL 2196104, at *8 (S.D. Cal.

June 1, 2010) (approving attorney fee award of 33.3% of the common fund and holding that award was similar to awards in three other cases where fees ranged from 33.3% to 40%); *In re Heritage Bond Litigation*, 2005 WL 1594403, at *23 (C.D. Cal. June 10, 2005) (awarding attorneys' fees of "thirty-three and one-third percent (33 ⅓%) of the common fund").

Based on the foregoing, there is ample authority to support a fee award of 33 ⅓% of the settlement value.

## 5. <u>Class Counsel Undertook This Case On A Contingent Basis And Incurred A Substantial Financial Burden</u>

To date, Class Counsel has worked for six years with no payment, and no guarantee of payment absent a successful outcome. That in itself presented considerable risk. *See Vasquez*, 266 F.R.D. at 492. Courts have long recognized that attorneys' contingent risk is an important factor in determining the fee award and may justify awarding a premium over an attorneys' normal hourly rates. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir.1994). The contingent nature of Class Counsel's fee recovery, coupled with the uncertainty that any recovery would be obtained, are significant. *Id*. at 1300. In *Wash. Pub. Power*, the Ninth Circuit recognized that:

> It is an established practice in the private legal market to reward attorneys for taking the risk of non-payment by paying them a premium over their normal hourly rates for winning contingency cases … [I]f this 'bonus' methodology did not exist, very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks of recovering nothing.

*Id*. at 1299-1300 (citations omitted) (internal quotations marks omitted); *see also McKeen-Chaplin v. Provident Savings Bank, FSB*, 2018 WL 3474472, at *2 (E.D. Cal. July 19, 2018) ("Counsel has not received payment for the vast majority of its time spent on this case over the last five and a half years, and took on significant financial risk by taking on this action on a contingency fee basis."

"Courts have also recognized that the public interest is served by rewarding attorneys who assume representation on a contingent basis with an enhanced fee to compensate them for the risk that they might be paid nothing for their work." *Peel*, 2015 WL 12745788, at *6; *see also Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 580 (2004) ("A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the

lawyer not only for the legal services he renders but for the loan of those services.") (internal citations omitted); *In re Sumitomo Copper Litig.,* 74 F.Supp.2d 393, 396-98 (S.D.N.Y.1999) ("No one expects a lawyer whose compensation is contingent on the success of his services to charge, when successful, as little as he would charge a client who in advance of the litigation has agreed to pay for his services, regardless of success.  Nor, particularly in complicated cases producing large recoveries, is it just to make a fee dependent solely on the reasonable amount of time expended.").

Throughout this case, Class Counsel expended substantial time and money to prosecute a class action suit with no guarantee of compensation or reimbursement in the hope of prevailing against sophisticated Defendants represented by high-caliber attorneys from a prominent national law firm.  *See* 1/12/22 Deckant Decl. ¶ 18.  Class Counsel did not just invest nearly 3,000 hours of their time in this case.  They also invested $289,500.70 of their own money to prosecute this action for four years.  1/12/22 Deckant Decl. Ex. 4.  If the case had been lost, Class Counsel would never have recouped that time and money.  *Id.* ¶ 34.  The Court should also note that Class Counsel had no co-counsel in this case, and instead bore all of the financial risk to prosecute this case.  That fact alone supports a finding that Class Counsel's requested fee is fair and reasonable.

*     *     *

Weighing each of the aforementioned factors, Class Counsel's fee and expense request of $666,666.66—or 33 ⅓% of the value of the Settlement—is reasonable under the "percentage-of-the-benefit" method.

### B.    The Requested Attorneys' Fees Are Also Reasonable Under A Lodestar Cross-Check

Courts in the Ninth Circuit often examine the lodestar calculation as a cross-check on the percentage fee award to ensure that counsel will not receive a "windfall." *Vizcaino*, 290 F.3d at 1050.  The cross-check analysis is a two-step process.  First, the lodestar is determined by multiplying the number of hours reasonably expended by the reasonable rates requested by the attorneys. *See Barbosa*, 297 F.R.D. at 451.  Second, the court cross-checks the proposed percentage fee against the lodestar. *Id.*  "Three figures are salient in a lodestar calculation: (1) counsel's reasonable hours, (2) counsel's reasonable hourly rate and (3) a multiplier thought to compensate for various factors (including unusual skill or experience of counsel, or the *ex ante* risk

of nonrecovery in the litigation)." *Id.* (citing *In re HPL Techs., Inc. Sec. Litig.*, 366 F. Supp. 2d 912, 919 (N.D. Cal. 2005). Here, the lodestar cross-check confirms the reasonableness of Class Counsel's requested fee.

### 1. Class Counsel Spent A Reasonable Number Of Hours On This Litigation At A Reasonable Hourly Rate

Class Counsel worked very efficiently and without co-counsel. Class Counsel have submitted their detailed daily billing records showing what work was done and by whom as exhibits to their declarations. Those records confirm Class Counsel efficient billing. *See* 1/12/22 Deckant Decl. Ex. 3.

As of January 12, 2022, over six years of litigation, Class Counsel has worked 2,901.1 hours on this case for a total lodestar fee, at current billing rates, of $1,944,263.50. 1/12/22 Deckant Decl. ¶ 25; *see also id.* Ex. 3. Class Counsel's blended hourly rate of $670.18 is quite reasonable. *See id.* ¶¶ 29-32. And the hourly rates for each of the lawyers who staffed the case, which are set forth in the 1/12/22 Deckant Declaration and exhibits thereto, are also reasonable and amply supported by the evidentiary material submitted with the 1/12/22 Deckant Declaration. *See id.*; *see also id.* at Exs. 5-12. Rates are "reasonable where they [are] similar to those charged in the community and approved by other courts." *Hartless*, 273 F.R.D. at 644. California courts have repeatedly held rates commensurate with Class Counsel's rates to be fair and reasonable. *See*, *e.g.*, *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3960068, at *17 (approving billing rates for partners between $400 and $970, and associates between $185 to $850 "with most under $500"); *Nitsch v. DreamWorks Animation SKG Inc.*, 2017 WL 2423161, at *9 (N.D. Cal. June 5, 2017) (finding rates for senior attorneys of between $870 to $1200 per hour to be reasonable); *In re Amgen Inc. Sec. Litig.*, 2016 WL 10571773, at *9 (C.D. Cal. Oct. 25, 2016) (approving "a billing rate ranging from $750 to $985 per hour for partners, $500 to $800 per hour for 'of counsels'/senior counsel, and $300 to $725 per hour for other attorneys"); *In re High-Tech Employee Antitrust Litig.*, 2015 WL 5158730, at *9 (N.D. Cal. Sept. 2, 2015) (approving billing rates of $490 to $975 for partners, $310 to $800 for non-partner attorneys, and $190 to $430 for paralegals, law clerks, and litigation support staff).

Indeed, courts within California have previously found the rates of Class Counsel fair and reasonable. *See Perez v. Rash Curtis & Associates*, 2020 WL 1904533, at *20 (N.D. Cal. Apr. 17, 2020) (finding Bursor & Fisher's blended hourly rate of $634.48 to be reasonable); *Zakskorn v. American Honda Motor Co.*, 2015 WL 3622990, at *13–15 (E.D. Cal. June 9, 2015) (approving a fee request where Bursor & Fisher submitted hourly rates of up to $850 per hour for partners and $450 per hour for associates). In performing its cross-check analysis, the Court should find Class Counsel's hours and rates reasonable.

## 2. Class Counsel's Requested Attorneys' Fees Represent A Reduction Of Their Lodestar (A "Haircut")

The lodestar analysis is not limited to the initial mathematical calculation of Class Counsel's base fee. *See Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996). Rather, Class Counsel's actual lodestar may be enhanced according to those factors that have not been "subsumed within the initial calculation of hours reasonably expended at a reasonable rate." *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983) (citation omitted); *see also Morales*, 96 F.3d at 364. In considering the reasonableness of attorneys' fees and any requested multiplier, the Ninth Circuit has directed district courts to consider the time and labor required, the novelty and complexity of the litigation, the skill and experience of counsel, the results obtained, and awards in similar cases. *Fischel*, 307 F.3d at 1007, n.7; *see also Kerr*, 526 F.2d at 70.

Here, however, Class Counsel has not requested an enhancement to their lodestar. On the contrary, the 33 ⅓% fee award—or $666,666.66—represents a 0.34 *negative* multiplier of Class Counsel's lodestar (a "haircut"). This "negative multiplier" strongly supports the requested fee award. *Schiller v. David's Bridal, Inc.*, 2012 WL 2117001, at *23 (E.D. Cal. June 11, 2012) ("An implied negative multiplier [of 0.76] supports the reasonableness of the percentage fee request."); *Seguin v. County of Tulare*, 2018 WL 1919823, at *7 (E.D. Cal. Apr. 24, 2018) (same for "negative modifier" of 0.55); *Rabin v. PricewaterhouseCoopers LLP*, 2021 WL 837626, at *8 (N.D. Cal. Feb. 4, 2021) ("Plaintiffs request a negative 0.6x multiplier, which supports the request for a greater-than-average common fund percentage award."). Class Counsel are prepared to accept this "negative multiplier" or "haircut," as the Settlement is in the best interests of the Class.

1

## V.   THE REQUESTED INCENTIVE AWARD FOR PLAINTIFF MARTINELLI IS FAIR AND REASONABLE

2

In recognition of her efforts on behalf of the Class, and subject to the approval of the Court, Plaintiff Martinelli seeks a $7,500 incentive award as appropriate compensation for her time and effort serving as the Class Representative in this litigation.

3

4

5

Service awards "are fairly typical in class action cases." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009). Such awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez*, 563 F.3d at 958-59. Service awards are committed to the sound discretion of the trial court and should be awarded based upon the court's consideration of, *inter alia*, the amount of time and effort spent on the litigation, the duration of the litigation and the degree of personal gain obtained as a result of the litigation. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

6

7

8

9

10

11

12

13

14

The requested amount of $7,500 for Plaintiff Martinelli reflects her significant involvement and dedication to the case for more than six years. Ms. Martinelli's involvement in this action was critical to the ultimate success of the case. 1/12/22 Deckant Decl. ¶ 42. Class Counsel consulted with Ms. Martinelli throughout the investigation, filing, prosecution and settlement of this litigation. 1/12/22 Deckant Decl. ¶¶ 40-41; *see also* Declaration of JoAnn Martinelli, ECF No. 265-2, at ¶¶ 2-5. As such, Ms. Martinelli was actively involved in the litigation and devoted substantial time and effort to the case. *Id.* She consulted with Class Counsel frequently and reviewed a wide variety of documents related to this case. *Id.* She also sat for a full-day deposition in May 2016 and was prepared to testify at trial. *Id.* Ms. Martinelli was prepared to "go the distance" in this litigation to continue to represent the Class and fight to obtain significant relief on their behalf. *Id.* Her actions and dedication played a significant role in this case and helped achieve the exceptional settlement that will benefit tens of thousands of class members. *Id.*

15

16

17

18

19

20

21

22

23

24

25

26

Based on the foregoing, the payment of an incentive award to Plaintiff Martinelli is appropriate, and the amount of $7,500 is undoubtedly reasonable when compared to other service awards. *See*, *e.g.*, *Melgar*, ECF No. 201, at ¶ 7 (England, J.) (approving $10,000 incentive

27

28

award); *Turk v. Gale/Triangle, Inc.*, 2017 WL 4181088, at *5 (E.D. Cal. Sept. 21, 2017)

(approving $10,000 incentive award to plaintiff who "has been involved in every step of the

litigation, has been cooperative and helpful in gathering facts"); *Garcia*, 2012 WL 5364575, at *11

(approving $15,000 incentive awards to four plaintiffs); *Bond v. Ferguson Enterprises, Inc.*, 2011

WL 2648879, at *15 (E.D. Cal. June 30, 2011) (approving service awards of $11,250); *Harris v.*

*Vector Mktg. Corp.*, 2012 WL 381202, at *8 (N.D. Cal. Feb. 6, 2012) (awarding $12,500 service

award).  Accordingly, a $7,500 incentive award for Ms. Martinelli is fair and reasonable.

## VI.     CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court: (1) approve

attorneys' fees, costs, and expenses in the amount of $666,666.66; (2) grant Plaintiff an incentive

award of $7,500 in recognition of her efforts on behalf of the Class; and (3) award such other and

further relief as the Court deems reasonable and just.

Dated: January 12, 2022                    Respectfully submitted,

                                           **BURSOR & FISHER, P.A.**

                                           By:  ____*/s/ Neal J. Deckant*____

                                           L. Timothy Fisher (State Bar No. 191626)
                                           Neal J. Deckant (State Bar No. 322946)
                                           1990 North California Boulevard, Suite 940
                                           Walnut Creek, CA  94596
                                           Telephone: (925) 300-4455
                                           Facsimile:  (925) 407-2700
                                           E-Mail: ltfisher@bursor.com
                                                   ndeckant@bursor.com

                                           **BURSOR & FISHER, P.A.**
                                           Joseph I. Marchese (admitted *pro hac vice*)
                                           Frederick J. Klorczyk III (State Bar No. 320783)
                                           888 Seventh Avenue
                                           New York, NY  10019
                                           Telephone: (646) 837-7150
                                           Facsimile:  (212) 989-9163
                                           E-Mail: jmarchese@bursor.com
                                                   fklorczyk@bursor.com

                                           **BURSOR & FISHER, P.A.**
                                           Scott A. Bursor (State Bar No. 276006)
                                           701 Brickell Ave., Suite 1420
                                           Miami, FL  33131
                                           Telephone: (305) 330-5512

Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Class Counsel*